FILED

September 8 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0373

DA 14-0373

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 266

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DUSTIN ROBERTSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Rosebud, Cause No. DC 11-20
Honorable George W. Huss, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender, Haley Connell, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

          Kristine White, Rosebud County Attorney, Forsyth, Montana

Submitted on Briefs:  July 22, 2015
Decided:  September 8, 2015

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Dustin Robertson appeals from his conviction of felony criminal endangerment. In sentencing Robertson, the Sixteenth Judicial District Court imposed a probationary condition (Condition 25) that prohibits all contact between Robertson and his two children unless that contact is voluntarily initiated by the children. Robertson appeals. We affirm.

¶2 On appeal, Robertson argues Condition 25 violates his constitutional and statutory rights.

## BACKGROUND

¶3 In November of 2011, the State of Montana charged Dustin Robertson with kidnapping the mother of his young children, Chalsea Cady, by restraining her at their apartment on July 20, 2011; misdemeanor endangering the welfare of children; and two counts of felony partner or family member assault. Ultimately, Robertson pled guilty to an Amended Information charging him with a single offense of felony criminal endangerment of Cady, for physically assaulting her on July 20, 2011. The State dropped the remaining charges.

¶4 Robertson was sentenced in March of 2014. The presentence investigation (PSI) reported a history of physical and mental abuse of Cady by Robertson. The PSI proposed the following condition of probation:

> The Defendant shall not knowingly have any contact, oral, written, electronic or through a third party, with the victim(s) unless such contact is voluntarily initiated by the victim(s) through the Department of Corrections. DOC staff may notify victims about the availability of

2

opportunities for facilitated contact with their offenders without being considered "third parties."

At the sentencing hearing, the court heard testimony by Probation and Parole Officer Tom Fulton, Cady, and Robertson. Cady testified:

> The kids went to see a counselor for their anger and emotions to help them overcome whatever they need help doing because they saw their dad hit their mom and choke, punch, intimidate me, and talk about me to others and threaten me, so they have a lot going on their little minds, too, just not me, and I want Dustin to know what he put me and the kids in over the years was not acceptable at all and very traumatizing for us all.

Fulton testified that the children met the definition of "victim" set forth at § 46-24-106(5)(a), MCA (defining that term for purposes of specifying who has the right to attend a criminal trial or hearing), in that they had reasonable apprehension of bodily injury as a result of the offense by Robertson against Cady. He further testified that there was an order of protection in place prohibiting Robertson from any contact with "the victims" unless that contact was voluntarily initiated by "the victims" through the Department of Corrections. The order of protection was not made part of the record.

¶5 In its oral imposition of sentence, the District Court stated it would impose the above condition, which would apply to Cady, the two children, and Cady's mother. Defense counsel objected on grounds that the children were not specifically mentioned in the amended charge, nor were they mentioned as victims in the plea agreement. Defense counsel also reminded the court of the availability of separate processes for obtaining a restraining order in regard to the children.

3

¶6 The court sentenced Robertson to the custody of the Department of Corrections for 5 years with 2 of those years suspended, credit for 503 days previously served, and conditions of probation including the following Condition 25:

> The Defendant shall not knowingly have contact, oral, written, electronic, or through a third party, with [Cady], [his 5-year-old son], [his two-year-old daughter], and [Cady's mother] unless such contact is voluntarily initiated by them through the Department of Corrections and approved by the Probation & Parole Officer. DOC staff may notify victims about the availability of opportunities for facilitated contact with their offenders without being considered "third parties."

Robertson appeals the imposition of Condition 25 as to his two children.

## STANDARDS OF REVIEW

¶7 When a defendant challenges a sentencing condition on appeal, we review the condition under a dual standard of review. We review the legality of the condition de novo. If the challenged condition is legal, we then review the condition for abuse of discretion. *State v. Stiles*, 2008 MT 390, ¶ 7, 347 Mont. 95, 197 P.3d 966 (citing *State v. Brotherton*, 2008 MT 119, ¶ 10, 342 Mont. 511, 182 P.3d 88; *State v. Ashby*, 2008 MT 83, ¶ 9, 342 Mont. 187, 179 P.3d 1164).

## DISCUSSION

¶8 *Does Condition 25 violate Robertson's constitutional and statutory rights?*

¶9 On appeal, Robertson argues that Condition 25 effectively deprives him of his constitutional right to parent his children. He also argues that imposition of the restriction as a sentencing condition, rather than through a parenting action or a dependency and neglect proceeding, denied him the procedural safeguards that exist to protect parental rights. Finally, Robertson argues that Condition 25 is unreasonable in

that he was not convicted of an offense against his children or any other child, nor was there any evidence that he has ever directed any physical violence toward his children. As a result, he asserts that any nexus between Condition 25 and him, or his offense, is exceedingly tenuous.

¶10   Robertson contends on appeal that his objection to Condition 25 at his sentencing hearing was sufficiently specific to preserve his argument that Condition 25 unconstitutionally infringes upon his parental rights.  However, review of the record shows that he made absolutely no reference to any constitutional issues in the District Court.  His only argument against including the children in Condition 25 was that the children were not included in either the Amended Information or the plea agreement.

¶11   Generally, we do not consider issues presented for the first time on appeal.  *State v. LaFreniere*, 2008 MT 99, ¶ 11, 342 Mont. 309, 180 P.3d 1161.  In relation to Robertson's constitutional arguments, the parties discuss two exceptions to that rule, neither of which applies here.

¶12   Under the exception first recognized by this Court in *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979), a claim that a statute authorizing a sentence is unconstitutional on its face may be raised for the first time on appeal.  The *Lenihan* exception does not, however, apply to an as-applied constitutional challenge.  *See State v. Beaudet*, 2014 MT 152, ¶ 17, 375 Mont. 295, 326 P.3d 1101.  Robertson's constitutional challenges are as-applied challenges, and he does not argue that the *Lenihan* exception applies here.

¶13    Under the plain error doctrine, we may review unpreserved errors that implicate a defendant's fundamental constitutional rights if we are convinced that failure to review the error would result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceeding, or may compromise the integrity of the judicial process. *State v. Essig*, 2009 MT 340, ¶ 31, 353 Mont. 99, 218 P.3d 838. Plain error review is reserved for exceptional cases and will be used sparingly. *State v. Mackrill*, 2008 MT 297, ¶ 48, 345 Mont. 469, 191 P.3d 451.

¶14    We conclude this case does not justify exercise of our power of plain error review. Under the facts of this case, Robertson has not established a manifest miscarriage of justice. As a result, we will not further address Robertson's claims on appeal that Condition 25 violates his constitutional rights.

¶15    Finally, we examine Condition 25 to address Robertson's argument that the condition is unreasonable given its "exceedingly tenuous" nexus to Robertson or his offense. Robertson's argument is unpersuasive.

¶16    A sentencing judge is authorized to impose on a suspended sentence various restrictions or conditions that the judge considers necessary to attain the objectives of rehabilitation and the protection of the victim and society. Section 46-18-202(1), MCA.

> We have emphasized that a sentencing judge's discretion . . . is broad and that our review is correspondingly deferential. As a general rule, we will affirm a condition of probation imposed pursuant to . . . statutory authority so long as the restriction or condition has some correlation or connection— i.e., nexus—to the underlying offense or to the offender. But if the condition is "overly broad or unduly punitive," or if the required nexus is "absent or exceedingly tenuous," we will reverse.

6

*State v. Bullplume*, 2013 MT 169, ¶ 18, 370 Mont. 453, 305 P.3d 753 (internal citations omitted). This Court has not limited the facts a sentencing court may consider to those included within a charging document or plea agreement; a sentencing court may consider any relevant evidence relating to the character of the defendant, his history, his mental and physical condition, and his background, including other acts that have been dismissed pursuant to a plea bargain agreement. *State v. Manywhitehorses*, 2010 MT 225, ¶ 14, 358 Mont. 46, 243 P.3d 412.

¶17 The nexus between Condition 25 as it relates to the children and Robertson was established by Cady's testimony at the sentencing hearing that the children underwent counseling to help them deal with their emotions as a result of seeing their father hit, choke, punch, and intimidate their mother. Further, Robertson himself admitted grabbing his son while assaulting Cady. In addition, probation officer Fulton testified that a protective order was already in place between Robertson and the children.

¶18 Robertson also contends that prohibiting him from having unsolicited phone and written correspondence with his children is overly broad. We observe that Condition 25 was imposed not only to protect the victims' physical safety, but their mental health and emotional safety, as well.

¶19 Robertson compares this case to *State v. Muhammad*, 2002 MT 47, 309 Mont. 1, 43 P.3d 318, in which we vacated a sentencing condition banishing Muhammad from Cascade County—where the victim of his sexual offense presumably resided—for the 15-year duration of the suspended portion of his sentence. He also compares this case to *State v. Herd*, 2004 MT 85, 320 Mont. 490, 87 P.3d 1017, in which we reversed a

7

sentencing condition prohibiting Herd from driving a motor vehicle for forty years following her conviction of negligent homicide. However, the sentencing conditions in *Muhammad* and *Herd* were to remain in effect for significantly longer durations than Condition 25, which is in effect for the remaining time on his 5-year sentence.

¶20 Robertson argues that Cady has complete control over whether he gets to have any contact with his children for the five-year duration of his sentence. However, § 46-23-1011(4)(a), MCA, allows for modification of a condition of a suspended sentence at any time, upon recommendation of the probation officer. This statute affords opportunity for Robertson to seek modification of the condition if he has grounds upon which to do so.

¶21 In sum, Robertson may well be correct that the District Court could have imposed less restrictive conditions to protect the children. Nevertheless, under our deferential standard of review of sentencing conditions, Condition 25 does not represent an abuse of the District Court's broad discretion.

¶22 We affirm the judgment entered by the District Court.


/S/ MIKE McGRATH

We Concur:

/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT

8