FILED

10/21/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0644

DA 24-0644

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 242N

STATE OF MONTANA,

     Plaintiff and Appellee,

  v.

DONALD LEE AFTEM,

     Defendant and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC-23-1233
Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          John (A.J.) Cecil, Christopher M. Adams, Frontier Law Firm, PLLC,
Billings, Montana

     For Appellee:

          Austin Knudsen, Montana Attorney General, Selene Koepke,
Assistant Attorney General, Helena, Montana

          Scott Twito, Yellowstone County Attorney, Margaret Gallagher,
Deputy County Attorney, Billings, Montana

Submitted on Briefs:  September 24, 2025

Decided:  October 21, 2025

Filed:

_____
Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Donald Lee Aftem appeals from the Thirteenth Judicial District Court, Yellowstone County, following entry of judgment on five felony convictions—one count of theft, two counts of deceptive practices, and two counts of forgery—and one misdemeanor forgery count.    Aftem pleaded guilty under a non-binding plea agreement pursuant to § 46-12-211(1)(c), MCA.  At sentencing, the State recommended a 15-year Department of Corrections commitment, all suspended.  The defense sought a 10-year fully suspended Department of Corrections sentence.  The court imposed a 23-year Montana State Prison sentence, none suspended.

¶3      Aftem contends on appeal that (1) the District Court violated his due process rights by permitting the victim, S.P., to testify falsely and beyond her personal knowledge during her oral impact statement, and (2) defense counsel was ineffective for failing to object, cross-examine, or present favorable evidence.  The District Court's interpretation and application of the law were correct.  We affirm.

¶4      We review the legality of a sentence de novo and the exercise of sentencing discretion for abuse. *State v. Robertson*, 2015 MT 266, ¶ 7, 381 Mont. 75, 364 P.3d 580. Ineffective assistance claims are mixed questions of law and fact reviewed de novo. *State*

2

*v. Weber*, 2016 MT 138, ¶ 11, 383 Mont. 506, 373 P.3d 26. Unpreserved constitutional claims at sentencing are reviewed, if at all, under our narrowly applied common law plain error doctrine. *State v. Lackman*, 2017 MT 127, ¶ 9, 387 Mont. 459, 395 P.3d 477.

**Due Process Claim**

¶5      Aftem argues that S.P.'s oral statement contained falsehoods and speculation—such as claims about his family (saying Aftem's mother had died when she is alive), business dealings, and prior relationships—and that the District Court erred by allowing it and then relying upon it in imposing sentence.

¶6      Montana law grants sentencing courts "a wide scope of inquiry" and allows consideration of "any relevant evidence" concerning the nature of the offense, the manner of its commission, the victim impact, and the defendant's background. *State v. Klippenstein*, 239 Mont. 42, 45, 778 P.2d 892, 894-95 (1989); § 46-18-302, MCA. The Rules of Evidence do not apply at sentencing. M. R. Evid. 101(c)(3). Section 46-18-115, MCA, expressly authorizes victims to offer written or oral statements describing the effect of the crime and their recommended sentence, subject only to the defendant's opportunity to respond.

¶7      A defendant is protected against a sentence "based at least in part upon misinformation of constitutional magnitude," but bears an affirmative burden to show actual reliance on materially false or prejudicial information. *Bauer v. State*, 1999 MT 185, ¶¶ 20-24, 295 Mont. 306, 983 P.2d 955; *State v. McLeod*, 2002 MT 348, ¶ 20, 313 Mont. 358, 61 P.3d 126. Due process is satisfied when the defendant, represented by counsel, is afforded an opportunity to rebut and declines. *State v. Orsborn*, 170 Mont. 480,

3

486, 555 P.2d 509, 513 (1976). Because Aftem did not object to S.P.'s testimony or request an opportunity to rebut it when the court invited him to respond, he failed to preserve a due process claim.

**Plain Error Review**

¶8 Under our inherent common law authority, we exercise plain error review "sparingly, on a case-by-case basis" and only in a narrow class of cases when "failing to review the claimed error may result in a manifest miscarriage of justice, may leave unsettled the fundamental fairness of the proceedings, or may compromise the integrity of the judicial process." *State v. Lee*, 2025 MT 30, ¶ 16, 420 Mont. 335, 563 P.3d 731. We decline to apply that doctrine here. Nothing in the record demonstrates a proceeding that was fundamentally unfair, or a sentence based on "misinformation of constitutional magnitude." *Bauer*, ¶ 21; *McLeod*, ¶ 20. The District Court properly allowed the victim to speak under § 46-18-115, MCA; the Rules of Evidence did not apply; defense counsel was invited to question S.P. and declined; and Aftem personally allocuted without disputing S.P.'s statements. Given those circumstances, any alleged error was forfeited, and the record presents no extraordinary reason to invoke plain error review.

¶9 Even if reviewed, the record shows no reliance on misinformation of constitutional magnitude. The court based its sentence on the charging documents and the written submissions from S.P., her mother, and her counselor—not on contested portions of S.P.'s oral statement. The court emphasized Aftem's calculated deception, the financial and emotional devastation he caused, and the need to protect the community, describing him

4

as a "financial predator." Because the record demonstrates no actual reliance on false or immaterial statements, Aftem's due process claim fails.

**Ineffective Assistance Claim**

¶10    To establish ineffective assistance, Aftem must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). We strongly presume counsel acted within the range of reasonable professional judgment. *State v. Hagen*, 2002 MT 190, ¶ 26, 311 Mont. 117, 53 P.3d 885.

¶11    Counsel's decision not to object or cross-examine S.P. was reasonable under Montana law permitting wide-ranging victim statements. *See State v. Lacey*, 2012 MT 52, ¶ 28, 364 Mont. 291, 272 P.3d 1288. Objecting to or probing a victim's feelings could have reinforced damaging testimony. Counsel instead argued for a suspended term, offered a letter of support from Aftem's mother, and highlighted his remorse, treatment, and restitution plan. Those were strategic choices within professional norms.

¶12    Nor can Aftem demonstrate prejudice. The sentencing rationale rested on the scope and seriousness of the crimes, not on contested statements from S.P. Even assuming some error, there is no reasonable probability the court would have imposed a lesser sentence. To the extent Aftem asserts the omission of character witnesses or additional evidence, those extra-record claims are properly raised, if at all, in postconviction proceedings. *State v. Ward*, 2020 MT 36, ¶ 18, 399 Mont. 16, 457 P.3d 955.

**Conclusion**

¶13    The District Court afforded Aftem due process, acted within statutory and constitutional limits, and imposed a lawful sentence. His unpreserved due process claim

presents no plain error, and his ineffective assistance allegations fail both *Strickland* prongs.  We therefore affirm the judgment of the Thirteenth Judicial District Court.

¶14    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of the applicable standards of review.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE