DA 07-0747

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 402

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

SCOTT PATRICK HEDDINGS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC 05-489
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    James B. Wheelis, Chief Appellate Defender; Helena, Montana

    For Appellee:

    Hon. Mike McGrath, Montana Attorney General; Mark W. Mattioli, Assistant Attorney General; Helena, Montana

    Brant S. Light, Cascade County Attorney; Marvin Anderson, Deputy County Attorney; Great Falls, Montana

Submitted on Briefs:  September 10, 2008

Decided:  November 25, 2008

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Scott Patrick Heddings (Heddings) appeals from the judgment and sentence entered by the District Court for the Eighth Judicial District, Cascade County, on his guilty plea to the offense of felony incest. We affirm in part and remand in part.

¶2     We restate the issues on appeal as follows:

¶3     1.     Did the District Court abuse its discretion when it imposed probation conditions restricting Heddings' use of alcohol and requiring that he submit to regular breathalyzer tests?

¶4     2.     Did the District Court err in imposing the probation condition requiring Heddings to submit to polygraph testing?

¶5     Both parties agree the probation conditions requiring that Heddings obtain prior approval before residing with a minor (condition 25) and before associating with someone who has a minor child (condition 35) should be clarified to specifically indicate they do not apply to his current wife and biological daughter. Thus, we will not address this issue and we remand to the District Court to limit the scope of conditions 25 and 35 consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     Heddings was charged with one count of felony incest. The charge was based on multiple incidents of Heddings sexually abusing his two step-daughters during a period from 1994 to 2001. Heddings entered into a plea agreement with the State where he pled guilty to the one count of felony incest in exchange for the State recommending a sentence of twenty years with sixteen suspended. The District Court followed the plea

agreement and sentenced Heddings to the Department of Corrections (DOC) for twenty years, with sixteen suspended and imposed additional probation conditions.

¶7 Before sentencing, a licensed clinical psychologist conducted a comprehensive psychosexual evaluation of Heddings. In his evaluation report, the psychologist made overall recommendations for Heddings' treatment. The recommendations included the following: "Mr. Heddings should abstain from any alcohol or drugs (unless medically indicated) while completing sex offender therapy," and "Mr. Heddings should have frequent and mandatory to a [sic] urinalysis upon the request of his probation officer or therapist."

¶8 The psychosexual evaluation, including the psychologist's treatment recommendations, was included in the Presentence Investigation Report (PSI), which the District Court reviewed before sentencing Heddings. At sentencing, the court made the following statement: "[the psychologist] found the Defendant to be of a type sex offender who is a situational and indiscriminate offender with no particular preference for children but who will use them as sexual objects. The nature and duration of the Defendant's conduct warrants serious consequences." The court, however, acknowledged Heddings would be incarcerated for a federal prison term for other charges and sentenced Heddings to the DOC for a term of twenty years with sixteen suspended, to run concurrently with the federal sentence.

¶9 The following probation conditions are at issue in Heddings' appeal:

> 2. Defendant shall not possess or consume intoxicants/alcohol, nor shall he enter any place intoxicants are the chief item of sale. He shall

submit to Breathalyzer testing for alcohol as requested by his supervising officer.

. . .

19. Defendant shall not have contact with any individual under the age of eighteen (18) except his biological children, unless accompanied by an approved and appropriately trained, responsible adult who is aware of the Defendant's sexual conviction and approved by his supervising officer and his sex offender treatment provider.

. . .

25. Defendant's residence, changes and any co-habitants must have prior approval of his supervising officer. The Defendant shall not reside in a residence where there are any children under the age of eighteen (18) without the written approval of his therapist and supervising officer.

. . .

31. Defendant shall not have contact with his victim or her immediate family unless approved by the victim's therapist, offender's therapist and supervising officer, except with his biological daughter.

. . .

34. Defendant shall submit to annual polygraph testing.

35. Defendant shall not date, live with, or otherwise align himself with any person with children under the age of eighteen (18) without the express approval of his therapist and supervising officer. If this approval is granted, they shall both be involved with his treatment to the extent that his treatment provider recommends.

¶10 At sentencing, Heddings' counsel objected to the alcohol/breathalyzer condition but did not object to imposition of the annual polygraph test. Heddings now appeals the imposition of the alcohol and breathalyzer (condition #2) and polygraph (condition #34) conditions and requests that conditions #25 and #35, restricting his interaction with

4

minors or the victim's family, be remanded to clarify they do not include his wife or biological daughter.

## STANDARD OF REVIEW

¶11 In *State v. Ashby*, 2008 MT 83, 342 Mont. 187, 179 P.3d 1164, we set forth a new standard of review of challenged probation conditions. We first review the condition for legality. *Ashby*, ¶ 9. A sentencing condition is illegal if the sentencing court lacked statutory authority to impose it, if the condition falls outside the parameters set by the applicable sentencing statutes, or if the court did not adhere to the affirmative mandates of the applicable sentencing statutes. *State v. Stephenson*, 2008 MT 64, ¶ 15, 342 Mont. 60, ¶ 15, 179 P.3d 502, ¶ 15. This determination is a question of law and, as such we review the condition's legality de novo. If the challenged condition is illegal, we will reverse it. If the condition is legal, we will review it for an abuse of discretion, determining whether it constitutes a "reasonable restriction or condition considered necessary for rehabilitation or for the protection of the victim or society." *Ashby*, ¶ 9.

## DISCUSSION

¶12 ***Did the District Court abuse its discretion when it imposed probation conditions restricting Heddings' use of alcohol and requiring that he submit to regular breathalyzer tests?***

¶13 Heddings argues that "[b]ecause there is no nexus between the crime or offender and the conditions of probation, the alcohol restriction and the requirement of submission to breathalyzer tests are improper conditions and should be stricken." The State argues that "the sentencing court's decision to restrict alcohol use during the suspended portion of Heddings' sentence was reasonable and not an abuse of discretion . . . ." The State

also asserts "Heddings is a situational, opportunistic child molester. Allowing him to drink, with his history, would only give him more opportunities to fail and increase the likelihood that he would [reoffend]."

¶14 Sentencing courts have statutory authority to impose "reasonable restrictions or conditions" during a suspended portion of a sentence, including conditions for probation. Section 46-18-201(4), MCA. The sentencing judge may impose restrictions she "considers necessary to obtain the objectives of rehabilitation and the protection of the victim and society," as long as the limitation is "reasonably related to the objectives of rehabilitation and the protection of the victim and society." Section 46-18-202(1), (1)(f), MCA.

¶15 This Court recently clarified our standard for reviewing sentencing conditions as follows:

> In imposing conditions of sentence, a sentencing judge may impose a particular condition of probation so long as the condition has a nexus to either the offense for which the offender is being sentenced, or to the offender himself or herself . . . . We caution, however, that courts may impose offender-related conditions only in those cases in which the history or pattern of conduct to be restricted is recent, and significant or chronic. A passing, isolated, or stale instance of behavior or conduct will be insufficient to support a restrictive probation condition imposed in the name of offender rehabilitation.

*Ashby*, ¶ 15.

¶16 The psychologist's recommendation is sufficient to establish a nexus between Heddings and the necessity for a condition restricting alcohol. Although Heddings claims his offenses did not involve the use of alcohol, he does not challenge the accuracy or validity of the PSI. The PSI addresses, among other things, Heddings' history of

6

compulsive sexual behavior, alcohol abuse and drug use. Based on this history and his overall evaluation of Heddings, the psychologist made a number of recommendations, including that Heddings abstain from using alcohol while completing sex offender treatment and that he undergo mandatory urinalysis. The District Court then used its discretion to apply the restriction to Heddings' entire period of probation. The risk of recidivism of sex offenders is high and it is within the court's discretion to impose conditions to reduce this likelihood and "to obtain the objectives of rehabilitation and the protection of the victim and society."

¶17 Based on the case-specific recommendation of the psychologist, we hold a nexus exists between the alcohol restriction/breathalyzer requirement of condition #2 and Heddings as an offender. The condition is "reasonable" and "necessary for rehabilitation or for the protection of the victim or society."

¶18 *Did the District Court err in imposing the probation condition requiring Heddings to submit to polygraph testing?*

¶19 Because Heddings did not object to this condition in the District Court and because the condition was legal, we will not address it substantively on appeal. This Court does not review on appeal an issue to which the party failed to object at the trial court. *Ashby*, ¶ 22; § 46-20-104(2), MCA. Furthermore, we have specifically refused to review an unchallenged condition in light of the defendant's failure to object at the district court level. *Ashby*, ¶ 22; *State v. Ommundson*, 1999 MT 16, ¶ 2, 293 Mont. 133, ¶ 2, 974 P.2d 620, ¶ 2.

¶20 Heddings asserts that "[r]equiring polygraph testing as a condition of probation or parole is illegal" and "[a]ppellate review in the absence of an objection is proper because this provision of the sentence is not merely objectionable, but could not be enforced." Despite Heddings' characterization of the issue as whether the condition requiring polygraph testing is a "legal" condition, the issue is not one of legality. The condition imposed does not exceed statutory authority or fall outside the parameters or affirmative mandates of the sentencing statutes and it is, therefore, a legal sentence. *Stephenson*, ¶ 15. Thus, Heddings is not entitled to review under *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979) (allowing appellate review of a sentence not objected to at the trial court if it is illegal or exceeds statutory mandates). Rather, the question is whether the District Court abused its discretion to impose "reasonable restrictions or conditions" or conditions "reasonably related to the objectives of rehabilitation and the protection of the victim and society." Sections 46-18-201(4), 202(1)(f), MCA. Furthermore, while Heddings is correct in asserting polygraph tests are inadmissible in any court proceeding in Montana, this Court has declined to extend that prohibition to mean polygraph tests as mandated as a condition of probation are illegal. *See State v. Hameline*, 2008 MT 241, ¶ 20, 344 Mont. 461, ¶ 20, 188 P.3d 1052, ¶ 20.

¶21 As stated above, this Court will not review a condition imposed under the sentencing court's discretionary authority under § 46-18-201 or -202 unless the objection was raised in the district court. *Ashby*, ¶ 22; § 46-20-104(2), MCA. Heddings did not object in the District Court to the condition that he submit to polygraph testing and, thus, we decline to address this issue.

**CONCLUSION**

¶22    The District Court properly exercised its discretion in imposing the alcohol and breathalyzer probation restrictions.  Heddings did not object to the condition requiring polygraph tests at the trial court and, thus, we will not address that issue on appeal. Finally, the conditions limiting Heddings' contact with minors or the victims' immediate family should be clarified to indicated they do not include Heddings' biological wife or daughter.

¶23    Affirmed in part, remanded in part.


                                                    /S/ W. WILLIAM LEAPHART


We concur:

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS




Justice James C. Nelson, specially concurring.

¶24    I specially concur.

¶25    As today's Opinion reflects, this Court no longer reviews a sentencing condition of the sort at issue here for legality.  For instance, we observe that the polygraph condition "does not exceed statutory authority or fall outside the parameters or affirmative mandates of the sentencing statutes and it is, therefore, a legal sentence," Opinion, ¶ 19, but we do not explain why that is the case.  To the contrary, as the Court

9

candidly concedes in ¶ 20, "this Court will not review a condition imposed under the sentencing court's discretionary authority under § 46-18-201 or -202 unless the objection was raised in the district court," in which case we only review for abuse of discretion (*see e.g.* Opinion, ¶¶ 10, 14-16).

¶26     While I disagree with this approach, it is the procedure adopted by the Court in *State v. Stiles*, 2008 MT 390, ___ Mont. ___, ___ P.3d ___.  And though I continue to maintain that the sentencing issue in *Stiles* was wrongly decided and that the distinction drawn in that case between "legality" and "abuse of discretion" for purposes of reviewing sentencing conditions is legally incorrect under the applicable statutes, *see Stiles*, ¶¶ 19-50 (Nelson, J., dissenting), *Stiles* is the law of the land.  Accordingly, as to the sentencing issues presented by Heddings, I specially concur.


                                                    /S/ JAMES C. NELSON