Justice Laurie McKinnon delivered the Opinion of the Court.
***377 ¶1 Jordan Coleman (Coleman) appeals from a sentence imposed by the Montana Thirteenth Judicial District Court, Yellowstone County. We address the following issue:
Did the defendant waive his right to challenge the constitutionality of a probation condition by failing to previously object?
¶2 We conclude the defendant waived his as-applied constitutional challenge and accordingly affirm the District Court's imposed sentence.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 In October 2014, Coleman entered a plea agreement in which he pleaded guilty to a single count of Sexual Intercourse Without Consent. A few months later, the District Court sentenced Coleman, committing him to the Montana State Prison for thirty years with ten years suspended. The court further ordered various probation conditions for any period of community supervision, including Condition Forty-Five, which provided, "[Coleman] shall not have a cell phone, or such other technology/device with photo, video, or Internet capabilities." Coleman did not object to Condition Forty-Five at or before sentencing. Coleman now appeals the condition and asks this Court to strike it from his sentence.
STANDARD OF REVIEW
¶4 We review criminal sentences for legality-that is, whether the sentence is within statutory parameters. State v. Cleveland , 2014 MT 305, ¶ 10, 377 Mont. 97, 338 P.3d 606 (citing State v. Montoya , 1999 MT 180, ¶ 15, 295 Mont. 288, 983 P.2d 937 );
*28 State v. Lenihan , 184 Mont. 338, 342-43, 602 P.2d 997, 999-1000 (1979).
DISCUSSION
¶5 Coleman argues that Condition Forty-Five is illegal because it is an overly-broad restriction on his First Amendment freedom of speech. Because Coleman did not present this argument to the District Court, however, we must address whether he may raise it for the first time on appeal.
¶6 When a court suspends a portion of a criminal sentence, the court may impose on the offender any "reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society." Section 46-18-201(4)(p), MCA ; see also ***378 § 46-18-202(c), MCA ("The sentencing judge may also impose ... restrictions on the offender's freedom of association."). Overly broad or unduly punitive conditions are not reasonable. State v. Zimmerman , 2010 MT 44, ¶ 17, 355 Mont. 286, 228 P.3d 1109 (citing State v. Muhammad , 2002 MT 47, ¶ 28, 309 Mont. 1, 43 P.3d 318 ).
¶7 Generally, a defendant must object to a condition at or before sentencing. Failure to object may result in waiver-we will not hold a district court in error based on an objection raised for the first time on appeal. State v. Ashby , 2008 MT 83, ¶ 22, 342 Mont. 187, 179 P.3d 1164 (citing State v. Kotwicki , 2007 MT 17, ¶ 8, 335 Mont. 344, 151 P.3d 892 ). However, pursuant to State v. Lenihan , we permit a defendant to challenge the legality of his sentence for the first time on appeal. Lenihan , 184 Mont. at 343, 602 P.2d at 1000 ; see also Ashby , ¶ 22. In so doing, we differentiate between an "illegal" sentence and an "objectionable" sentence. State v. Strong , 2009 MT 65, ¶ 11, 349 Mont. 417, 203 P.3d 848. "A sentencing condition is illegal if the sentencing court lacked statutory authority to impose it, if the condition falls outside the parameters set by the applicable sentencing statutes, or if the court did not adhere to the affirmative mandates of the applicable sentencing statutes." State v. Heddings , 2008 MT 402, ¶ 11, 347 Mont. 169, 198 P.3d 242 (citing State v. Stephenson , 2008 MT 64, ¶ 15, 342 Mont. 60, 179 P.3d 502 ). While we may address illegal sentences for the first time on appeal, we refuse to address objectionable sentences not challenged below. Ashby , ¶ 22 ; Heddings , ¶¶ 19-21.
¶8 We similarly differentiate between the types of constitutional challenges to a sentence that we will address for the first time on appeal. State v. Parkhill , 2018 MT 69, ¶ 16, 391 Mont. 114, 414 P.3d 1244 (citing State v. Robertson , 2015 MT 266, ¶ 12, 381 Mont. 75, 364 P.3d 580 ). "[A] claim that a statute authorizing a sentence is unconstitutional on its face may be raised for the first time on appeal, but the exception does not apply to as-applied constitutional challenges." Parkhill , ¶ 16. For example, in State v. Ellis , 2007 MT 210, ¶¶ 7, 10, 339 Mont. 14, 167 P.3d 896, we addressed a defendant's facial constitutional challenge to a sentencing statute for the first time on appeal. However, in State v. Mainwaring , 2007 MT 14, ¶ 20, 335 Mont. 322, 151 P.3d 53, we declined to address a defendant's argument that his sentence itself was unconstitutional for the first time on appeal.
¶9 Distinguishing between facial and as-applied constitutional challenges when considering which a defendant may bring for the first time on appeal makes sense in light of Lenihan . See Strong , ¶ 13. A defendant's facial constitutional challenge is based on the defendant's allegation that the statute upon which his sentence was based is ***379 unconstitutional-i.e., his sentence is illegal. Therefore, we address facial constitutional challenges to sentencing statutes even if they are raised for the first time on appeal. Strong , ¶ 12 (citing Ellis , ¶ 7 ). On the other hand, a defendant's as-applied constitutional challenge is based on the defendant's allegation that his sentence is unconstitutional-i.e., his sentence is objectionable. Accordingly, we will not address as-applied constitutional challenges to sentencing conditions raised for the first time on appeal. Strong , ¶¶ 13, 15 (citing Mainwaring , ¶ 20, and Heddings , ¶ 20 ); Parkhill , ¶¶ 15-16 (concluding the defendant's general objections to two of his sentencing conditions before the district court did not sufficiently preserve his as-applied constitutional arguments on appeal). *29 ¶10 On appeal, Coleman argues Condition Forty-Five is "facially unconstitutional" in light of the United States Supreme Court's recent decision Packingham v. North Carolina , 582 U.S. ----, 137 S.Ct. 1730, 198 L.Ed.2d 273 (2017). In Packingham , the Supreme Court struck down a state statute prohibiting convicted sex offenders from accessing certain social networking websites or maintaining personal webpages. Packingham , 582 U.S. at ----, 137 S.Ct. at 1733, 1737. The Supreme Court reasoned that the statute violated the offenders' First Amendment freedom of speech because it was overly broad; the statute burdened substantially more speech than was necessary. Packingham , 582 U.S. at ----, 137 S.Ct. at 1737.
¶11 Coleman reasons that Condition Forty-Five, which prohibits him from possessing any device with photo, video, or Internet capabilities, is similarly an overly broad burden on his First Amendment rights. However, unlike in Packingham , where the defendant challenged the facial constitutionality of a state statute, here Coleman does not argue a Montana statute is facially unconstitutional. Rather, Coleman argues Condition Forty-Five-a condition of his own sentence-is unconstitutional. Thus, Coleman's challenge to Condition Forty-Five is an as-applied constitutional challenge, one that we will not review for the first time on appeal. See Parkhill , ¶ 16 ; Strong , ¶ 15. We hold that Coleman waived his constitutional argument regarding Condition Forty-Five by not raising it in the District Court.
¶12 Coleman further urges us to exercise plain error review to analyze Condition Forty-Five. We may choose to review a claim under the common law plain error doctrine when a criminal defendant's fundamental rights are invoked and where failing to review the claimed error may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.
***380 State v. Taylor , 2010 MT 94, ¶ 12, 356 Mont. 167, 231 P.3d 79 (citing State v. Jackson , 2009 MT 427, ¶ 42, 354 Mont. 63, 221 P.3d 1213 ). Exercising plain error review over Coleman's appeal would circumvent the aforementioned rule that we will not review a defendant's as-applied constitutional challenge to his sentencing conditions for the first time on appeal. We accordingly decline to exercise plain error review.
CONCLUSION
¶13 We will review a defendant's facial constitutional challenge to a sentencing statute for the first time on appeal, but a defendant waives an as-applied constitutional challenge to his sentence by failing to raise the issue before the district court. Coleman waived his right to appeal Condition Forty-Five, which barred him from possessing any device with photo, video, or Internet capabilities, by failing to previously object, and plain error review is not warranted in this case. We affirm the District Court's imposed sentence.
We concur:
MIKE McGRATH, C.J.
INGRID GUSTAFSON, J.
JAMES JEREMIAH SHEA, J.
JIM RICE, J.