FILED

04/28/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0118

DA 19-0118

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 106N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

LAWRENCE STEPHEN CHAIN,

      Defendant and Appellant,

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-17-415D
Honorable Dan Wilson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Lane K. Bennett, Attorney at Law, Kalispell, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Hannah E. Tokerud, Assistant
Attorney General, Helena, Montana

          Travis R. Ahner, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  January 15, 2020

Decided:  April 28, 2020

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In 2017, Lawrence Stephen Chain accidentally rear-ended another vehicle while waiting in a fast food drive-through line with his young son buckled in his vehicle. Upon a determination that his blood at the time included an illegal level of the active chemical ingredient in marijuana (THC), Chain pled guilty under a plea agreement to criminal child endangerment, a felony in violation of § 45-5-628, MCA. The District Court ultimately imposed a three-year suspended commitment to the Montana Department of Corrections (DOC) and a $30,000 fine, with various statutory fees and charges, payable in full within one year. Chain appeals the $30,000 fine, and resulting $3,000 felony surcharge, on the asserted grounds that the court erroneously failed to adequately consider his ability to pay and that the fine was in any event disproportionate in violation of the excessive fines clause of the Eighth Amendment to the United States Constitution. We affirm.

¶3 Upon Chain's guilty plea, DOC conducted a presentence investigation and filed a report (PSI) as required by § 46-18-111, MCA. Based on information provided by Chain, the PSI reported that he had an annual income of $360,000 from his wildland firefighting and woodstove businesses and that he had $1,009,000 in assets, including two boats and two homes, with secured debts totaling $260,000. *Inter alia*, the PSI recommended a

2

$5,000 fine. However, citing Chain's prior history of driving under the influence, a net worth of almost $750,000, a gross annual income in excess of $350,000, and its conclusion that he could "easily pay" a larger fine, the court instead imposed a $30,000 fine. Chain did not contemporaneously object to the amount of the fine or the adequacy of the court's consideration of his ability to pay.

¶4 About two hours after the close of the sentencing hearing, defense counsel moved the court to consider supplemental testimony from Chain's wife regarding his ability to pay the imposed fine and related charges. Subject to reservation about its authority to do so, the court then heard the proffered supplemental testimony. Chain's wife testified that she handled their finances and that the $360,000 annual income figure listed in the PSI was "not accurate" because it represented Chain's 2017 "gross income," rather than his net income. Asserting that 2017 had been "a very atypical year" for his firefighting business, she asserted that his typical gross income was closer to $80,000 per year. She testified further that they had yet to determine their 2016 and 2017 income tax obligations, and thus could not yet more accurately state Chain's actual net income for those years. She further claimed that Chain's assets were encumbered by significantly more debt than reported in the PSI and that their secondary residence was then listed for sale due to difficulty in servicing their debt. Her testimony further revealed that they also owned a third, previously undisclosed, boat purchased for $58,000 from Chain's earnings. She testified that they titled the third boat in her name for various reasons including, *inter alia*, the need to shield it from Chain's creditors and unspecified pending "legal things." After hearing the

3

testimony, the court denied Chain's motion to revise the original fine on the stated grounds that it lacked the authority to subsequently amend the original sentence and that the wife's supplemental testimony was in any event not credible, if not deceptive.

¶5    We review criminal sentences only for constitutional and statutory legality (i.e., compliance with constitutional and statutory parameters and affirmative statutory requirements). *State v. Coleman*, 2018 MT 290, ¶ 8, 393 Mont. 375, 431 P.3d 26; *State v. Stephenson*, 2008 MT 64, ¶ 15, 342 Mont. 60, 179 P.3d 502; *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, 983 P.2d 937.   As a general rule, a defendant must contemporaneously object to preserve assertions of sentencing illegality for appeal. *State v. Ashby*, 2008 MT 83, ¶ 22, 342 Mont. 187, 179 P.3d 1164 (citing *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, 151 P.3d 892).   The failure to contemporaneously object generally effects a waiver for purposes of subsequent appellate review. Section 46-20-104(2), MCA; *State v. Parkhill*, 2018 MT 69, ¶ 16, 391 Mont. 114, 414 P.3d 1244; *Kotwicki*, ¶ 22.

¶6    However, as a narrow, sentence-specific exception to the general contemporaneous objection/waiver rule, we will review assertions raised for the first time on appeal that a sentence is either facially illegal (i.e., not authorized by statute or in excess of statutory authorization) or facially legal but authorized by a facially unconstitutional statute. *State v. Coleman*, 2018 MT 290, ¶¶ 7-9, 393 Mont. 375, 431 P.3d 26; *Parkhill*, ¶ 16; *Kotwicki*, ¶ 8; *State v. Lenihan*, 184 Mont. 338, 342-43, 602 P.2d 997, 1000 (1979).   By definition, the *Lenihan* exception does not apply to sentences that that are not facially illegal, or

4

imposed pursuant to a facially unconstitutional statute, but alleged to be nonetheless illegal due to failure to comply with affirmative statutory requirements or imposed pursuant to a statute that is unconstitutional as applied. *E.g.*, *Coleman*, ¶¶ 7-11 (*Lenihan* not applicable to constitutional challenge to no-cell phone/internet access sex offense condition); *Parkhill*, ¶ 16; (*Lenihan* not applicable to constitutional challenge to no-contact PFMA condition); *State v. Johnson*, 2011 MT 286, ¶ 14, 362 Mont. 473, 265 P.3d 638 (*Lenihan* not applicable to facially legal restitution obligation challenged due to insufficient documentation); *State v. Strong*, 2009 MT 65, ¶¶ 7-16, 349 Mont. 417, 203 P.3d 848 (*Lenihan* applicable to facial equal protection challenge of sentencing statute but not as-applied challenge); *Kotwicki*, ¶¶ 8-22 (*Lenihan* not applicable to facially legal fine challenged due to failure to adequately consider ability to pay—distinguishing *State v. McLeod*, 2002 MT 348, 313 Mont. 358, 61 P.3d 126); *State v. Nelson*, 274 Mont. 11, 17-20, 906 P.2d 663, 666-68 (1995) (*Lenihan* not applicable to facially legal sentence challenged due to failure to properly consider non-violent offender status).[1]

¶7      The maximum penalty authorized for criminal child endangerment is 10 years in prison, a $50,000 fine, or both. Section 45-5-628(3), MCA. However, a sentencing court

---

[1] Distinct from the sentence-specific *Lenihan* exception, the common law plain error doctrine is a separate and generally applicable exception to the contemporaneous objection/waiver rule. *See State v. Barrows*, 2018 MT 204, ¶ 8, 392 Mont. 358, 424 P.3d 612; *State v. Lawrence*, 2016 MT 346, ¶ 9, 386 Mont. 86, 385 P.3d 968. We generally will not apply the plain error exception in the sentencing context in circumvention of the *Lenihan* exception. *Coleman*, ¶ 12; *State v. Robertson*, 2015 MT 266, ¶¶ 12-13, 381 Mont. 75, 364 P.3d 580; *State v. Mainwaring*, 2007 MT 14, ¶ 20, 335 Mont. 322, 151 P.3d 53. Chain did not seek plain error review here.

may not impose an otherwise authorized fine "unless the offender is or will be able to pay the fine." Section 46-18-231(1), (3), MCA. "In determining the amount and method of payment" of a fine, the court "shall take into account the nature of the crime committed, the financial resources of the offender, and the nature of the burden that payment of the fine will impose." Section 46-18-231(3), MCA. Upon conviction of a felony, sentencing courts must additionally impose a surcharge of "the greater of $20 or 10% of the fine levied" unless the offender is unable to pay, or unable to pay within a reasonable time, upon consideration of the ability to pay as required under § 46-18-231(3), MCA. Section 46-18-236(1)(b), (2), MCA.

¶8    Here, Chain did not contemporaneously object at the sentencing hearing to the amount of the fine imposed or the adequacy of the court's manifest consideration of his ability to pay under § 46-18-231(3), MCA. The $30,000 fine, and resulting felony surcharge, were expressly authorized by statute and neither exceeded statutorily authorized amounts. As in *Nelson* and *Kotwicki*, rather than a facial challenge to the statutory legality of his sentence, Chain's assertion that the District Court failed to adequately consider his ability to pay as required by §§ 46-18-231(3) and -236(2), MCA, is an indirect challenge based on alleged non-compliance with a statutory prerequisite for the fine. Similarly, as in *Coleman* and *Parkhill*, his assertion that the fine was in any event disproportionate in violation of the Eighth Amendment to the United States Constitution is essentially an as-applied constitutional challenge rather than a facial challenge to the authorizing statute. Accordingly, we hold that the narrow *Lenihan* exception does not apply to Chain's

6

assertions of sentencing illegality and that he thus waived them by failing to contemporaneously object at the sentencing hearing. We therefore need not address his secondary, unsupported assertion that the District Court erroneously concluded that it had no authority to re-open sentencing to amend its original sentence.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶10    We affirm.

/S/ DIRK M. SANDEFUR

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE