FILED

06/09/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0332

DA 19-0332

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 152N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

STEVEN MICHAEL FOLEY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DC-13-344 (C)
                    Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Steven Michael Foley, Self-Represented, Deer Lodge, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Rob Cameron, Assistant
            Attorney General, Helena, Montana

            Travis R. Ahner, Flathead County Attorney, Kalispell, Montana

                      Submitted on Briefs:  May 6, 2020

                                Decided:  June 9, 2020

Filed:

                                      _____
                                          Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Representing himself, Steven Michael Foley (Foley), appeals from an Order on Petition for Restitution Adjustment entered in his criminal case in the Eleventh Judicial District Court, Flathead County. We affirm.

¶3      Foley pled guilty to attempted deliberate homicide for the shooting of his wife, Jodi Stimson (Stimson), and was sentenced on November 18, 2014. Foley was ordered to pay restitution of $10,095.06 for Stimson's medical expenses. After the shooting, Stimson sought a divorce from Foley and a decree was entered on May 29, 2014 (amended on June 16, 2014), that, in part, awarded Stimson $10,095.06 for her medical expenses.

¶4      Foley filed a petition in the District Court on April 5, 2019, requesting an "adjustment" in restitution in his underlying criminal case. Foley's petition alleged: (1) the restitution amount should be offset for the amount he was ordered to pay in the divorce proceeding; and (2) the District Court failed to consider his ability to pay at the time of sentencing. On May 16, 2019, the District Court denied Foley's petition.

¶5      In his appeal, Foley raises numerous issues, many of which are intertwined with his marital property distribution decreed five years earlier. Foley argues comparative

2

negligence should reduce restitution in the instant underlying criminal proceeding; he is entitled to do community service in lieu of making restitution payments to Stimson; the District Court erred by failing to credit Foley for a vehicle in the dissolution decree; and the District Court erred by imposing restitution without considering Foley's ability to pay.

¶6 This Court has consistently held that it will not consider issues raised for the first time on appeal. *In re T.E.*, 2002 MT 195, ¶ 20, 311 Mont. 148, 54 P.3d 38. We will construe Foley's arguments and allegations of error broadly but will only address those issues first raised in the trial court. Accordingly, we will only consider whether the District Court clearly erred in denying Foley's request to modify restitution in his criminal case, the proceeding from which this appeal has been filed. With respect to Foley's restitution in his criminal case, we apply the same rule and consider only those issues first considered by the trial court.

¶7 Foley argued in the District Court that it was error to require him to pay restitution after Stimson already had a civil judgment for her medical expenses awarded in the decree of dissolution. Foley also contends that the District Court did not consider his ability to pay when it awarded restitution in his criminal case.

¶8 The District Court recognized that, pursuant to § 46-18-201(5), MCA, the sentencing judge must require payment of full restitution to the victim. The District Court concluded there would be no risk of a double payment or unjust enrichment by requiring the payment of Stimson's medical expenses in both cases. The District Court reasoned that satisfaction of the decree's requirement that Foley pay Stimson $10,095.06 for the medical

3

expenses he caused would also satisfy his sentencing requirement that he pay $10,095.06 in restitution for her medical expenses. We agree. The District Court's interpretation of the law was correct and its findings of fact, to the extent any were made, were not clearly erroneous. *State v. Conley*, 2018 MT 83, ¶ 9, 391 Mont. 164, 415 P.3d 473.

¶9 Foley also contends the District Court did not consider his ability to pay when ordering restitution. The State corrected its restitution figure to reflect Stimson's medical expenses, and Foley stipulated to the State's recommended changes regarding restitution. In its order denying Foley's post-judgment motion, the District Court also indicated it had considered Foley's financial background as reflected in the Presentence Investigation Report when Foley was sentenced. Regardless, Foley's alleged error that his ability to pay was not considered by the court amounts to an objectionable sentence, which must be raised in the trial court at the time of sentencing or it is waived. *State v. Coleman*, 2018 MT 290, ¶ 7, 393 Mont. 375, 431 P.3d 26. The condition that Foley pay Stimson's medical expenses does not amount to an illegal sentence, which may first be considered on appeal. *Coleman*, ¶ 7.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Affirmed.

/S/ LAURIE McKINNON

4

We concur:

/S/ MIKE McGRATH
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON
/S/ JIM RICE