FILED

06/28/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0268

DA 20-0268

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 123N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

DESIRAE ELLEN MCDONOUGH,

Defendant and Appellant.

APPEAL FROM: District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC 17-126
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender, Haley Connell Jackson, Assistant
Appellate Defender, Helena, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

Marcia Boris, Lincoln County Attorney, Libby, Montana

Submitted on Briefs: January 19, 2022

Decided: June 28, 2022

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. The case title, cause number, and disposition will be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Desirae Ellen McDonough (McDonough) appeals the imposition of restitution in the amount of $92,189.50 in her March 2020 judgment of conviction in the Montana Nineteenth Judicial District Court, Lincoln County, on the offense of elder exploitation, a felony in violation of § 45-6-333, MCA (2015). We affirm.

¶3 On October 17, 2017, the State charged McDonough with elder exploitation and two counts of witness tampering, a felony in violation of § 45-7-206, MCA, all allegedly committed in April 2015 through August 2017. In support of the elder exploitation charge, the State's Information alleged that McDonough:

> purposely or knowingly obtained[,] used[,] or attempted to obtain or use an older person's funds with the intent to temporarily or permanently deprive the [] person of the use, benefit, or possession of the funds to benefit someone other than [that] person and [while] in a position of trust or confidence with the [77 year-old subject,] . . . obtained multiple loans from [him] under false pretenses . . . [with] no intention of repaying [them].[1]

---

[1] Section 45-6-333, MCA (2015), was not in effect until October 1, 2015. Elder exploitation as defined by § 52-3-803(3), MCA (2013), was thus the essential equivalent of the charged offense as applied to McDonough's charged conduct. Based on the substantive equivalency of § 45-6-333, MCA (2015) to § 52-3-803(3), MCA (2013), as applied to the facts at issue, McDonough concedes that the technical discrepancy in the charged offense does not affect her narrow assertion of error on appeal.

2

¶4     At a pretrial hearing on a motion to dismiss for lack of probable cause, the alleged victim (French) testified that, after earlier introducing himself to McDonough in response to her brokerage business office sign, the two reached an agreement under which McDonough would refer qualified individuals to French for personal loans on specified terms. Starting in 2010, however, McDonough herself began borrowing money from French. He testified that, in April of 2015, at her suggestion, they agreed to consolidate her prior loans, and McDonough and her partner then executed a secured promissory note on the combined sum of $70,826.50, at 12% interest. French testified that, based on McDonough's representations of personal emergencies, he thereafter made several more loans to her, some of which were unsecured and interest free, in the total principal amount of $18,600. He testified that McDonough made payments totaling $3,700 in 2015 and 2016, but stopped making payments after October 2016.

¶5     French testified that, after McDonough discovered that her partner gave French four bad checks totaling $10,000 on a closed or insufficient bank account and was being prosecuted for writing bad checks, she threatened that French would be federally prosecuted if he did not tell law enforcement that he had received $10,000 in payment on her loans. He testified that she also later threatened him with litigation if he disclosed any information to law enforcement about their financial dealings.

¶6     Pursuant to a plea agreement, McDonough ultimately pled "no contest" to elder exploitation in return for dismissal of the witness tampering charges, and the State's joint sentencing recommendation for a deferred six-year sentence, with restitution to be

determined upon hearing.  As the admitted basis for the charge, McDonough asserted at the change of plea hearing that a no contest plea was in her best interests and thus admitted that, between "April 2015 to August 2017," she "nearly obtained or attempted to obtain [] French's money with the intent to temporarily or permanently deprive him of that money." At the restitution hearing, based on French's affidavit of pecuniary loss as included in the presentence investigation report, the State sought restitution in the total amount of $92,189.50, including $70,826.50 in outstanding loan debt consolidated under the April 2015 note, $18,600 in subsequent loan debt, less approximately $3,700 in payments made, plus approximately $6,300 in related attorney fees/costs.  While she disputed the tabulation of outstanding loan debt based on amounts of prior payments made and the amount of restitution imposed on her partner upon conviction for writing bad checks, McDonough did not dispute the initial loan debt consolidated in the April 2015 note ($70,826.50) or the total initial amounts of the subsequent loans ($18,600).  On sentencing, the District Court imposed a six-year deferred sentence pursuant to the plea agreement and ordered McDonough to pay $92,189.50 in restitution.

¶7      On appeal, McDonough asserts that the District Court erroneously determined that her outstanding loan debt to French included $70,826.50.  She essentially asserts that the calculation erroneously failed to account for the limited terms of the subsequent April 2015 promissory note which reflected and consolidated her prior loan disbursements from French.   She ultimately asserts that the State presented insufficient evidence to prove that, in the timeframe specified in the charging documents, she caused French to incur actual

4

pecuniary loss in the amount claimed. *See* §§ 46-18-201(5), -241(1), -243(2)(a)(i)(A), MCA (sentencing court shall "require payment of full restitution to" a "victim" in the amount of "loss" suffered "as a result of . . . the commission of an offense"); *State v. Cole*, 2020 MT 259, ¶¶ 4-8 and 16, 401 Mont. 502, 474 P.3d 323 (reversing imposed restitution for costs of methamphetamine use remediation of entire apartment due to lack of proof of causation where the subject criminal conduct was limited to possession of residue and glass pipe discovered in one room of the apartment); *State v. Simpson*, 2014 MT 175, ¶¶ 20-24 and 29, 375 Mont. 393, 328 P.3d 1144 (reversing imposed restitution for two stolen/damaged boats not included in the list of charged items the defendant admitted to stealing); *State v. Breeding*, 2008 MT 162, ¶¶ 18-19, 343 Mont. 323, 343 P.3d 313 (reversing imposed restitution for claimed vehicle damage that occurred before the admitted acts constituting the charged theft due to lack of proof of causation); *In re B.W.*, 2014 MT 27, ¶¶ 23-31, 373 Mont. 409, 318 P.3d 682 (reversing imposed restitution due to lack of proof of causation to extent based on vandalism committed by third-parties on days other than those on which defendant's vandalism occurred); *State v. Hatfield*, 256 Mont. 340, 346, 846 P.2d 1025, 1029 (1993) ("court has no power to impose a sentence in the absence of specific statutory authority").

¶8    Issues not preserved by contemporaneous objection are generally waived and thus not subject to review on direct appeal. Section 46-20-104(2), MCA; *State v. Thibeault*, 2021 MT 162, ¶ 9, 404 Mont. 476, 490 P.3d 105 (citing *State v. Parkhill*, 2018 MT 69, ¶ 16, 391 Mont. 114, 414 P.3d 1244; *State v. Ashby*, 2008 MT 83, ¶ 22, 342 Mont. 187,

179 P.3d 1164; and *State v. Kotwicki*, 2007 MT 17, ¶¶ 8 and 22, 335 Mont. 344, 151 P.3d 892).  As a narrow sentence-specific exception to the general rule, "unpreserved assertions of error that a particular sentence or sentencing condition was either facially illegal (i.e., of a type or character not authorized by statute or otherwise in excess of the statutorily authorized range or limit for that type of sentence or condition), or facially legal but authorized by a facially unconstitutional statute, are subject to review for the first time on appeal."  *Thibeault*, ¶ 9 (citing *State v. Coleman*, 2018 MT 290, ¶¶ 7-11, 393 Mont. 375, 431 P.3d 26; *Parkhill*, ¶ 16; *State v. Strong*, 2009 MT 65, ¶¶ 7-16, 349 Mont. 417, 203 P.3d 848; *Kotwicki*, ¶¶ 6-22; *State v. Garrymore*, 2006 MT 245, ¶¶ 9-15, 17, and 35, 334 Mont. 1, 145 P.3d 946; *State v. Lenihan*, 184 Mont. 338, 342-43, 602 P.2d 997, 999-1000 (1979)).  However, while "[a]n otherwise facially legal sentence or condition is nonetheless illegal if not imposed in compliance with affirmative statutory prerequisites or mandates for that type of sentence or condition," "*unpreserved* challenges to sentences or conditions on the basis of non-compliance with affirmative statutory prerequisites or mandates for that type of sentence or condition are *not reviewable* under the [narrow] *Lenihan* exception." *Thibeault*, ¶ 10 n.4 (internal citations omitted—emphasis original).  *See also*, *e.g.*, *State v. Youpee*, 2018 MT 102, ¶ 11, 391 Mont. 246, 416 P.3d 1050 (*Lenihan* exception not applicable to unpreserved objection that court "fail[ed] to state [] reason for" facially legal denial of discretionary street credit as required by § 46-18-203(7)(b), MCA (2015)—internal citations omitted); *State v. Johnson*, 2011 MT 286, ¶¶ 10 & 14, 362 Mont. 473, 265 P.3d 638 (*Lenihan* exception not applicable to unpreserved objection to facially legal

6

restitution imposition that the amount imposed was not supported by adequate proof/documentation in presentence investigation report); *State v. Swoboda*, 276 Mont. 479, 481-82, 918 P.2d 296, 298 (1996) (*Lenihan* exception not applicable to unpreserved objection to facially legal sentence that court failed to consider sentencing alternatives as required by statute).[2]

¶9     Here, the $92,189.50 restitution obligation imposed on McDonough is a facially legal sentencing provision as authorized under §§ 46-18-201(5), -241(1), -243(2)(a)(i)(A), MCA.  She did not dispute below the initial amounts of the 2015 note and subsequent loans. The essence of her assertion of error, that the State failed to prove that the charged conduct to which she pled "no contest" caused French to incur actual pecuniary loss in the amount claimed and assessed, neither challenges the facial legality of her restitution obligation, nor the facial constitutionality of the authorizing restitution statutes.  In essence, she asserts only that her restitution obligation is illegal due to failure to comply with a statutory prerequisite for imposition of that amount of restitution, i.e., adequate proof of the actual pecuniary loss caused by her charged criminal conduct, a merely objectionable matter not timely raised by contemporaneous objection below.[3]  Under these circumstances, we hold

---

[2] While the common law plain error doctrine is a separate, distinct, and more generally applicable exception to the contemporaneous objection/waiver rule, plain error review is generally not applicable to unpreserved challenges to facially legal sentences or sentencing provisions in order to avoid nullification of the specific *Lenihan* exception.  *Thibeault*, ¶ 10 n.4 (internal citations omitted).

[3] We note further that McDonough's charged conduct was not limited to merely obtaining the subject loans from French during the specified time period, but also, *inter alia*, that she "used" them without repayment "with the intent to . . . deprive" him thereof.

7

that the *Lenihan* exception to the contemporaneous objection/waiver rule does not apply to McDonough's unpreserved assertion of error on appeal.

¶10    Because this case presents a question controlled by settled law or by the clear application of applicable standards of review, we dispose of it via a non-cite memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules.  Affirmed.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE