DA 21-0626

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 23N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JESSICA ELAINE HURT,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause Nos. DC-2020-700 and DC-2021-92
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Rachel G. Inabnit, Law Office of Rachel Inabnit, PLLC, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Roy Brown, Assistant Attorney General, Helena, Montana

      Kirsten H. Pabst, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  December 6, 2023

Decided:  February 6, 2024

Filed:

                                          Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jessica Elaine Hurt (Hurt) appeals from the October 12, 2021, Judgment of the Fourth Judicial District Court, Missoula County, sentencing her for Criminal Possession of Dangerous Drugs, a felony in violation of § 45-9-102, MCA, and Obstructing a Peace Officer in violation of § 45-7-302, MCA. The District Court imposed a no-contact probation condition between Hurt and her husband, Jeremiah Jones (Jones), which she appeals. Hurt claims the condition is not sufficiently related to her offenses and it violates her constitutional right to marriage. We affirm.

¶3 This case is a consolidation of two appeals before this Court. The first case arose in October 2020 when police found Hurt sleeping in her car and asked her to exit the vehicle. Hurt refused and fled in her vehicle at a high rate of speed. Ultimately, she stopped in a cul-de-sac, reversed her vehicle, and struck the officer's vehicle. Based on this incident, Hurt was charged with obstructing a peace officer, criminal mischief, and fleeing from or eluding a peace officer.

¶4 The second case arose in December 2020 when Hurt, Jones, and a few other people were at a hotel in Missoula. A complaint was made to police about the group. The police arrived and knocked on their hotel door. Hurt hid under the bathroom sink counter, and

2

Jones left through the backdoor. When police entered, they found drug paraphernalia in the room as well as heroin under the sink with Hurt. For this incident, Hurt was charged with criminal possession of dangerous drugs and obstructing a peace officer.

¶5 Hurt signed a global plea agreement that governed both cases described above. In the plea agreement, Hurt pled no contest to the criminal possession of dangerous drug charge and pled guilty to both the obstructing a peace officer charge and the fleeing from or eluding a peace officer charge. At the combined sentencing hearing, Hurt was given a three-year deferred imposition of sentence for the criminal possession of dangerous drugs charge, and sentenced to 6 months, all suspended, for the obstructing a peace officer charge, and one year, all suspended, for the fleeing or eluding a peace officer charge. The other charges were dismissed. The District Court also imposed a probation condition that prohibited Hurt from associating with any other probationers or parolees, which included her husband Jones. At the sentencing hearing, the court discussed this condition to ensure Hurt understood it:

> THE COURT: And with regard to any conditions, [] does Ms. Hurt understand those conditions, agree to them, and waive their reading? And I'm specifically underlining, of course, the no contact or no reciprocity with Mr. Jones.
>
> [DEFENSE COUNSEL]: Your Honor, that was the one condition that I had intended to address with Your Honor. I understand the Court's concern about that, but Ms. Hurt would like to have contact with her husband. So I would ask the Court respectively to consider not imposing that. And that would be, I guess, condition number 20 or make an exception to allow her to have contact with Mr. Jones.
>
> [HURT]: Probation said they would make it so we couldn't live together though, which is fine.

3

THE COURT: Well, my answer is no right now. I might change my mind based upon her ability to perform other conditions, but she has not had a good record in following other conditions. So if she can demonstrate change and begin to follow conditions, then I might consider relaxing or amending or adjusting that condition, but not at this time. . . . And if there's any kind of contact where there's not a clear record back to her probation officer that there was this contact, she will be in front of me on a 72-hold hearing without bond.

[DEFENSE COUNSEL]: Okay. That is the only condition I intend to address.

THE COURT: And you understand that Ms. Hurt?

[HURT]: I do, Your Honor.

THE COURT: And you agree with it?

[HURT]: I do.

¶6 On appeal, Hurt challenges the condition prohibiting her from associating with her husband. Hurt argues the District Court abused its discretion by imposing the condition, and by doing so, violated her fundamental right to marriage. The State argues Hurt did not object to the condition at sentencing and failed to raise any constitutional issue in regard to it, and therefore cannot raise it on appeal. According to the State, even if Hurt preserved the issue by counsel's request for an exception for contact with Jones, the court did not abuse its discretion because the condition serves the objective of rehabilitating Hurt by reducing the likelihood of her reoffending or relapsing.

¶7 "We review challenges to probationary conditions for both legality and abuse of discretion." *In re D.A.S.*, 2008 MT 168, ¶ 8, 343 Mont. 360, 184 P.3d 349. Section 46-18-202(1)(g), MCA, provides a sentencing judge may impose any "limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society."

4

"The sentencing statutes allow a district court to impose conditions of probation that are 'reasonable restrictions' necessary to rehabilitate the offender or protect the victim and society. Accordingly, we first review a condition of probation for legality and then review the condition for an abuse of discretion." *In re D.A.S.*, ¶ 8 (internal citations omitted). An abuse of discretion occurs when the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *Peterson v. St. Paul Fire & Marine Ins. Co.*, 2010 MT 187, ¶ 22, 357 Mont. 293, 239 P.3d 904. "We will reverse a sentencing condition if it is overly broad or unduly punitive, or if the required nexus is absent or exceedingly tenuous." *State v. Parkhill*, 2018 MT 69, ¶ 12, 391 Mont. 114, 414 P.3d 1244 (internal quotations omitted).

¶8    To preserve an issue for appeal, "it is necessary that the issue or claim be timely raised in the first instance in the trial court." *State v. Norman*, 2010 MT 253, ¶ 16, 358 Mont. 252, 244 P.3d 737. Hurt claims she preserved the issue of the probation condition that prohibits her from associating with her husband when defense counsel asked the court not to impose that condition. The State argues Hurt failed to preserve the issue because defense counsel did not specifically object to the condition, rather counsel made a request for leniency, and further failed to raise any constitutional issue related to the condition.

¶9    We find Hurt preserved any claim that the condition did not have a nexus to her offenses by her request for an exception to the condition to permit association with her husband. When the District Court asked whether Hurt understood the conditions, defense counsel asked the court to consider not imposing the condition that prohibited Hurt from seeing her husband. The court understood and considered the request but denied it based

5

on Hurt's rehabilitative needs. In considering Hurt's request, the court provided that until she could demonstrate some rehabilitation by following other conditions, the court would maintain the condition prohibiting her from associating with her husband. Essentially, defense counsel brought the nexus issue to the court's attention in a timely manner, the court considered it, and then denied it, preserving the issue for appeal.

¶10 Turning to the merits, we must determine whether the probation condition has a sufficient nexus to the crime and is necessary to the rehabilitation of the defendant. The District Court considered multiple factors before imposing the condition. At sentencing, the court explained "I think the prospects of rehabilitating you are not good until you successfully address your chemical dependency and any anger and mental health issues and complete this judgment." Hurt herself admitted that Jones was problematic for her rehabilitation from drug use because of his own mental health issues and substance use, and she previously reported to a mental health evaluator that her substance use and mental health conditions were connected to her relationship with her husband. According to Hurt's presentence investigation report, "both parties in the marriage have made claims about the other party being mentally unstable, physically and verbally abusive, and threatening suicide. The extent of their dysfunction was great enough that the Court has repeatedly ordered no contact between them." Further, at the time of sentencing, Jones had an order of protection (OOP) against Hurt, precluding Hurt from having any contact with him.[1]

---

[1] Reportedly, she tried to drive her car into him.

¶11 In light of the foregoing, the decision to prohibit Hurt from associating with other probationers and parolees—including her husband who also has drug abuse and mental health issues and an OOP requiring she not have contact with him—while she is on probation is reasonably related to her rehabilitation. The correlation between the crime and condition is clear: Hurt was convicted of criminal possession of dangerous drugs, and the condition prohibits her from associating with her husband who she admits is connected to her substance use and mental health issues. The District Court found Hurt would be more likely to succeed in her rehabilitation and her recovery from substance use if she was not in association with her husband, at least until she demonstrated some rehabilitative success. Therefore, the District Court's decision was not arbitrary and it did not abuse its discretion.

¶12 Next, Hurt claims the condition violates her fundamental right to marriage because it prohibits her from associating with her husband. Because Hurt did not present this argument to the District Court, we address whether she can raise this constitutional challenge for the first time on appeal.

¶13 This Court differentiates between the types of constitutional challenges it will hear for the first time on appeal. *Parkhill*, ¶ 16. "[A] claim that a statute authorizing a sentence is unconstitutional on its face may be raised for the first time on appeal, but the exception does not apply to as-applied constitutional challenges." *Parkhill*, ¶ 16. "A defendant's facial constitutional challenge is based on the defendant's allegation that the *statute* upon which his sentence was based is unconstitutional—i.e., his sentence is illegal." *State v. Coleman*, 2018 MT 290, ¶ 9, 393 Mont. 375, 431 P.3d 26 (emphasis in original).

7

Therefore, we address facial challenges even when raised for the first time on appeal. *Coleman*, ¶ 9. However, "a defendant's as-applied constitutional challenge is based on the defendant's allegation that his *sentence* is unconstitutional—i.e., his sentence is objectionable." *Coleman*, ¶ 9 (emphasis in original). As such, this Court "will not address as-applied constitutional challenges to sentencing conditions raised for the first time on appeal." *Coleman*, ¶ 9.

¶14 Here, Hurt raises an as-applied challenge to a specific sentencing condition for the first time on appeal. She alleges that, as applied to her, the probation condition prohibiting her from associating with other probationers and parolees, including her husband, violates her fundamental right to marriage. This as-applied constitutional challenge cannot be raised for the first time on appeal.

¶15 This Court does, however, have the discretion to review alleged errors that implicate a defendant's fundamental rights when no contemporaneous objection was made in the trial court under plain error review. *State v. Palafox*, 2023 MT 26, ¶ 17, 411 Mont. 233, 524 P.3d 461. This Court will only exercise plain error review when "failing to review the claimed error may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process." *Palafox*, ¶ 17. Plain error review is used sparingly on a case-by-case basis. *Palafox*, ¶ 17.

¶16 Given the District Court's reasoning, Hurt's prior drug use and mental health issues, her admission that her substance use and mental health problems are connected to her relationship with Jones, Jones's prior drug use and mental health issues, Jones's OOP

8

against Hurt, Hurt's previous failure to successfully follow probation conditions, and the rehabilitative purposes the condition serves, plain error review is not warranted. We do not conclude that a manifest miscarriage of justice will result by declining to review the issue, especially considering it was designed to facilitate rehabilitative care. The District Court thoughtfully imposed the condition with the above facts in mind for the purpose of separating Hurt and Jones during her probationary period so that she can focus on her own rehabilitation, rather than mire in the dysfunction of the relationship. The District Court did not limit Hurt's ability to petition to remove or modify the probation condition at a later date under § 46-23-1011(5)(a), MCA. Thus, we decline to consider the issue under plain error review.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶18 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

9