DA 06-0768

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 99

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RAYMOND LaFRENIERE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC-84-184,
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; Lisa S. Korchinski,
Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Honorable Mike McGrath, Attorney General; John Paulson,
Assistant Attorney General, Helena, Montana

          Brant S. Light, County Attorney, Great Falls, Montana

Submitted on Briefs:  October 31, 2007

Decided:  March 25, 2008

Filed:

_____

                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Appellant Raymond LaFreniere (LaFreniere) appeals from the order of the Eighth Judicial District Court, Cascade County, setting conditions of his probation. We affirm.

¶2    We consider the following issue on appeal:

¶3    Did the District Court err when, pursuant to § 46-23-1011, MCA, it added as a condition to LaFreniere's probation that he successfully complete Phase II of a sex offender treatment program?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4    On October 25, 1984, LaFreniere was charged with one count of sexual intercourse without consent, a felony, pursuant to § 45-5-503(3), MCA (1983). LaFreniere, who had a prior rape conviction, pled guilty to the charge pursuant to a plea agreement. The District Court subsequently sentenced him to a term of forty years in the Montana State Prison with twenty years suspended. However, no conditions for the suspended portion of his sentence were set forth in the written sentencing order and a transcript of the sentencing hearing is unavailable.

¶5    On August 24, 2006, Cascade County Attorney, Brant Light, filed a petition to set conditions of LaFreniere's probation pursuant to § 46-23-1011, MCA, asking the court to impose, among others, a condition that LaFreniere complete sex offender treatment, and asserting that to "release this Defendant on probation without any conditions would put our community at risk." The court set a hearing for September 6, 2006. LaFreniere filed a pro se response to the petition, arguing that because "there [were] not rules, conditions, or stipulations for probation to commence[,] none now should be forthcoming from a

2

hearing." LaFreniere appeared at the hearing without counsel, and the court then ordered the public defender's office to represent him. The hearing was reset for September 20, 2006.

¶6 LaFreniere appeared with counsel, Betty Carlson, and objected to three of the proposed conditions. Specifically, LaFreniere objected to the condition that he complete Phase II of an approved sex offender treatment program (Condition 13). LaFreniere had twice completed Phase I of sex offender treatment while he was incarcerated in the Montana State Prison but failed to complete Phase II, despite repeated enrollment. At the hearing, LaFreniere's counsel objected to imposition of Condition 13 on the basis that LaFreniere "couldn't afford it." After consideration of the parties' arguments and pursuant to § 46-23-1011, MCA, the court imposed fifteen conditions on LaFreniere's probation, including completion of an approved Phase II sex offender treatment program. In regard to LaFreniere's concern that he could not afford the treatment, the court explained that LaFreniere was required to "make a good faith effort to make those arrangements," meaning that "this is number one on the list" of things to spend money on. LaFreniere appeals.

## STANDARD OF REVIEW

¶7 Our review of questions regarding constitutional law is plenary. *State v. Ellis*, 2007 MT 210, ¶ 10, 339 Mont. 14, ¶ 10, 167 P.3d 896, ¶ 10. We review a district court's conclusions of law regarding application of a statute to determine whether the court's interpretation of the statute is correct as a matter of law. *State v. Allum*, 2005 MT 150, ¶ 14, 327 Mont. 363, ¶ 14, 114 P.3d 233, ¶ 14. In cases challenging the legality or

propriety of probation conditions, we first review sentencing conditions for legality. *State v. Ashby*, 2008 MT 83, ¶ 9, ___ Mont. ___, ¶ 9, ___ P.3d ___, ¶ 9. Because sentencing conditions must be "reasonable," we then review the reasonableness of such conditions for an abuse of discretion. *Ashby*, ¶ 9.

## DISCUSSION

¶8     **Did the District Court err when, pursuant to § 46-23-1011, MCA, it added as a condition to LaFreniere's probation that he successfully complete Phase II of a sex offender treatment program?**

¶9     LaFreniere argues that the District Court erred when it imposed Condition 13 as a condition to his probation. LaFreniere asserts that § 46-23-1011, MCA, as applied, violates the *ex post facto* clauses of the United States Constitution and the Montana Constitution. In response, the State contends that LaFreniere waived the *ex post facto* argument by failing to raise it in the District Court. In the alternative, the State argues that retroactive application of § 46-23-1011, MCA, does not violate the ban on *ex post facto* laws because it does not "increase the punishment for LaFreniere's crime."

¶10    At the time LaFreniere was sentenced, § 46-23-1011(1), MCA (1983), stated: "The department shall supervise persons during their probation period in accord with the conditions set by a court." In 2001, § 46-23-1011, MCA (2001), was amended to provide:

> The department shall supervise probationers during their probation period in accord with the conditions set by a sentencing judge. *If the sentencing judge did not set conditions of probation at the time of sentencing, the court shall, at the request of the department, hold a hearing and set conditions of probation.* [Emphasis added.]

4

Consequently, § 46-23-1011, MCA, was amended to authorize a court to impose probationary conditions at a later time if they were not set at the initial sentencing hearing. It is this change which LaFreniere contends violates the constitutional ban on *ex post facto* laws. Specifically, LaFreniere contends that the retroactive application of § 46-23-1011, MCA, violates the ban on *ex post facto* laws because the addition of probationary conditions "ultimately change[s] the legal consequences of LaFreniere's 1984 crime . . . ." Pursuant to the two-part test in *State v. Leistiko,* LaFreniere argues that imposition of probationary conditions under § 46-23-1011, MCA, violates his constitutional protections because (1) the law is retrospective and (2) it disadvantages him. 256 Mont. 32, 36-37, 844 P.2d 97, 100 (1992). In support of the second prong LaFreniere's argument is two fold. First, LaFreniere argues that the District Court violated his "constitutional right to his property interest" by requiring him to pay for Phase II sex offender treatment. Second, LaFreniere argues that imposition of Condition 13 "has effectively increased and made more burdensome [his] punishment for his 1984 crime."

¶11 However, as a threshold inquiry we must determine whether LaFreniere's claim was preserved for appeal. We have repeatedly held that we consider issues presented for the first time on appeal to be untimely and will not consider them. *State v. Ferguson,* 2005 MT 343, ¶ 38, 330 Mont. 103, ¶ 38, 126 P.3d 463, ¶ 38. This includes new arguments and changes in legal theory. *Ferguson,* ¶ 38. We have reasoned that "it is fundamentally unfair to fault the trial court for failing to rule on an issue it was never

5

given the opportunity to consider." *State v. Adgerson*, 2003 MT 284, ¶ 12, 318 Mont. 22, ¶ 12, 78 P.3d 850, ¶ 12.

¶12 Additionally, we have held that an "objection must be specific in order to preserve the issue for appeal." *State v. Huerta*, 285 Mont. 245, 261, 947 P.2d 483, 493 (1997) (relying on *State v. Loh*, 275 Mont. 460, 479, 914 P.2d 592, 603-04 (1996)). An objection that is "very general in nature and which does not specify what authority, rule, statute, or constitutional provision might be violated by the court's decision, is insufficient to preserve that issue on appeal." *Huerta*, 285 Mont. at 261, 947 P.2d at 493; *see also State v. Weeks*, 270 Mont. 63, 85, 891 P.2d 477, 490 (1995) (stating "broad general objections do not suffice.").

¶13 Here, a review of the record reveals that LaFreniere failed to preserve for appeal the argument that § 46-23-1011, MCA, violates the ban on *ex post facto* laws. At no time did LaFreniere argue before the District Court the issue of an *ex post facto* violation. While LaFreniere's response to the State's petition for a hearing states that the law "used by the County Attorney should not be retroactive since it was [a] 2005 enactment[,]" the response does not provide any other argument or authority in support of the proposition. In fact, the response does not reference any constitutional provision and, consequently, it is unclear what LaFreniere meant by this statement. However, even assuming that LaFreniere meant to reference *ex post facto* protections, his generalized objection to "retroactivity" is not enough to preserve the issue for appeal. *Huerta*, 285 Mont. at 261, 947 P.2d at 493. Neither was the issue raised during the hearing.

6

¶14 In his reply brief, LaFreniere contends that his argument in the District Court necessarily preserved the *ex post facto* issue, considering that "[t]he inability to pay for the required sex offender treatment goes hand-in-hand with LaFreniere's position that the probation condition objected to was *applied* in an *ex post facto* manner . . . because the condition is more burdensome . . . ." (Emphasis in original.) However, this "hand-in-hand" argument only further demonstrates LaFreniere's failure to properly raise the issue before the District Court. An argument which merely implies a constitutional violation does not sufficiently alert the court of the issue and consequently does not reserve the issue for appeal. *See Huerta*, 285 Mont. at 261, 947 P.2d at 493. Accordingly, we conclude that LaFreniere waived the argument that application of § 46-23-1011, MCA, violates the *ex post facto* clauses of the United States Constitution and the Montana Constitution. Therefore, we do not reach the constitutional merits of LaFreniere's claim.

¶15 Affirmed.


/S/ JIM RICE


We concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JOHN WARNER