FILED

09/20/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0674

DA 14-0674

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 231

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

RICHARD LEE GRIFFIN,

        Defendant and Appellant.

APPEAL FROM:     District Court of the Twentieth Judicial District,
                    In and For the County of Sanders, Cause No. DC-14-03
                    Honorable James A. Manley, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Chief Appellate Defender, Natalie Wicklund, Assistant
                Appellate Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
                Assistant Attorney General, Helena, Montana

                Robert Zimmerman, Sanders County Attorney, Thompson Falls, Montana

Submitted on Briefs:  August 3, 2016

Decided:  September 20, 2016

Filed:

_____
                     Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Richard Lee Griffin appeals from his May 14, 2014 conviction on six felony offenses of incest, sexual intercourse without consent and sexual assault.  We affirm.

¶2    We restate the issue on appeal as follows:  Whether this Court should undertake plain error review and conclude that the District Court committed reversible error by failing to directly address a spectator comment made during closing argument.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    In January 2014 the State charged Griffin with six felonies arising from his sexual contact with two step-daughters.  The evidence presented during the State's case-in-chief showed that Griffin repeatedly engaged in sexual contact with the girls, in addition to inflicting beatings, requiring them to do house work in the nude, and killing their pets.  Griffin did not present any evidence and did not testify.

¶4    During closing argument by Griffin's attorney, an audience member interrupted by stating:  "Well I'd like to say that God is faithful and just to those who confess their sins."  The District Court intervened, stating:  "No, ma'am.  Ma'am, any more outbursts and whoever makes the outburst will be removed from the courtroom."  Griffin's attorney continued his closing without noting the statement and did not move for any relief.[1]  The jury deliberated and returned the convictions.

¶5    Griffin appeals, arguing that the spectator's comment deprived him of a fair trial and that this Court should undertake plain error review and reverse the convictions.

---

[1] Out of the presence of the jury the District Court further admonished the spectator that her conduct was inappropriate and was the type of conduct that could lead to a mistrial.

**STANDARD OF REVIEW**

¶6     Griffin requests that this Court review the District Court's response or lack of response to the spectator comment during closing argument, even though there was no objection or motion from defense counsel.  The general rule is that an issue raised for the first time on appeal will not be considered, because a defendant who does not object to an error is deemed to have waived the error.  *State v. Taylor*, 2010 MT 94, ¶ 12, 356 Mont. 167, 231 P.3d 79.  However, this Court has the discretionary authority to find plain error even though the defendant made no objection or requested no relief at trial.  *State v. Jackson*, 2009 MT 427, ¶ 42, 354 Mont. 63, 221 P.3d 1213.  This Court has repeatedly stated that it will find plain error only sparingly, where failing to do so "may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial, or may compromise the integrity of the judicial process.  *State v. Walton*, 2014 MT 41, ¶ 17, 374 Mont. 38, 318 P.3d 1024.  Our precedent requires that the alleged error "firmly convince" the Court that there was a serious mistake that must be addressed.  *Taylor*, ¶ 17.

¶7     We will not undertake "full analysis" of the alleged error each time a party requests plain error review.  *Walton*, ¶ 17.  Conducting a full analysis in order to determine whether to find plain error would defeat the underlying rule that a party must object to error at trial, because errors should be brought to the attention of the trial court where they can be initially addressed.  *State v. Daniels*, 2003 MT 247, ¶ 28, 317 Mont. 331, 77 P.3d 224.

**DISCUSSION**

¶8 *Issue: Whether this Court should undertake plain error review and conclude that the District Court committed reversible error by failing to directly address a spectator comment made during closing argument.*

¶9 A criminal defendant has a right to a fair trial under both the United States and Montana Constitutions. *State v. Aker*, 2013 MT 253, ¶ 24, 371 Mont. 491, 310 P.3d 506. The district court bears the duty to insure that the defendant receives a fair trial. *State v. Egan*, 178 Mont. 67, 78, 582 P.2d 1195, 1201 (1978). Griffin argues that the spectator's remark eroded his presumption of innocence and impacted his right to be judged solely upon properly-presented evidence. Griffin argues that the effect of the speaker's comment was to implicate him as a sinner who should confess. Griffin argues that the District Court had the options to poll the jury to determine whether the remark influenced any of them; to instruct the jury to disregard the statement; or to declare a mistrial. Finally, he contends that the District Court's failure to invoke one or more of these options deprived him of a fair trial.

¶10 Under the circumstances of this case, and based upon existing precedent, we disagree with Griffin and decline to find plain error. First, the spectator's remark did not expressly accuse Griffin of a crime or of guilt, and did not imply any extra-judicial knowledge of the facts. It was more an expression of the spectator's personal beliefs. Second, it was a brief and isolated event. Third, the District Court responded promptly by chastising and warning the spectator, in the presence of the jury, that her conduct was inappropriate and that further outbursts would not be tolerated.

¶11 In addition, the District Court's instructions to the jury emphasized Griffin's presumption of innocence "throughout every stage of the trial" and the fact that he was not required to prove his innocence or to present any evidence. The District Court cautioned the jurors to not accept any person's version of the applicable law except as stated in the instructions. The jurors were instructed to deliberate and decide "uninfluenced by passion or prejudice." The District Court instructed the jury that the "law forbids you to be governed by mere sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling."

¶12 In many cases this Court has declined to find plain error when a defendant argues that a prosecutor's statement about witness credibility in closing argument was improper. *Aker*, ¶¶ 29-30 and cases cited therein. In *State v. Lacy*, 2012 MT 52, ¶¶ 24-26, 364 Mont. 291, 272 P.3d 1288, we acknowledged the impropriety of a prosecutor's invocation of a "reliance on God" during closing, but determined that is was "not so far from the permissible" to justify finding plain error. We follow those cases here. While the spectator's remark was improper, it was not sufficiently serious that it caused a manifest miscarriage of justice, left unsettled the fundamental fairness of the trial, or compromised the integrity of the judicial system.

## CONCLUSION

¶13 The convictions are affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE