FILED

05/02/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0472

DA 16-0472

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 105N

IN THE MATTER OF:

N.P-S.,

    A Youth in Need of Care.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Custer, Cause No. DN-14-7
Honorable Michael B. Hayworth, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Tracy Labin Rhodes, Attorney at Law, Missoula, Montana

    For Appellee:

    Timothy C. Fox, Montana Attorney General, Mardell Ployhar,
Assistant Attorney General, Helena, Montana

    Wyatt A. Glade, Custer County Attorney, Miles City, Montana

Submitted on Briefs:  March 29, 2017

Decided:  May 2, 2017

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      T.P.-S. (Father) appeals the Sixteenth Judicial District Court's termination of his parental rights to N.P.-S.  We affirm.

¶3      E.R. (Mother) and Father are the biological parents of minor child N.P.-S.  N.P.-S. is currently three years old.  The Department of Public Health and Human Services (DPHHS or Department) removed N.P.-S. from her parents' care in September 2014.  The Department filed a Petition for Emergency Protective Services, Adjudication of Child as Youth in Need of Care and Temporary Legal Custody (Petition) on September 29, 2014, alleging the parents used drugs in the presence of the child, parented while under the influence of drugs, physically neglected N.P.-S., and failed to provide for the child's basic needs.  On October 3, 2014, the Department amended its Petition, seeking a ruling under § 41-3-423(2)(a) and (e), MCA, that the Department was not required to provide reunification services for Father and termination of Father's parental rights.  DPHHS noted that Father previously had his rights to another child involuntarily terminated based upon abandonment.

2

¶4     Father subsequently stipulated to emergency protective services but contested the remainder of the Petition. During a December 2014 hearing, the District Court queried whether terminating Father's rights would be in N.P.-S.'s best interests *if* Mother's rights were not terminated. The court reflected on the potential benefit of Father being required to continue financial support of the child if Mother retained custody. DPHHS conceded and agreed to continue pursuing reasonable efforts to reunify the child with Father. The District Court adjudicated N.P.-S. a youth in need of care and the Department was granted temporary legal custody.

¶5     The Department prepared a treatment plan for Father that the court approved in January 2015. Under the plan Father was required, among other things, to complete a chemical dependency (CD) evaluation, comply with treatment recommendations, maintain sobriety, submit to drug/alcohol screening, complete a psychological evaluation, maintain weekly contact with the Department, establish a safe residence, and have consistent and appropriate visitation with the child.

¶6     In January 2016, the Department moved to terminate Father's rights based, in part, on Father's previous termination and current abandonment of N.P.-S. DPHHS also asserted that Father failed to complete his treatment plan and that he had not, among other things, (1) completed a CD evaluation, (2) established his sobriety, (3) maintained consistent housing, or (4) maintained contact with the Department. Significantly, the Department noted that Father had left Montana and had no contact with N.P.-S. between May 2015 and April 2016 and his visitation with the child when he was in Montana was inconsistent and sporadic.

¶7    In April 2016, the District Court conducted the first day of termination hearings for both Mother and Father. However, Mother's counsel was ill and the court agreed to bifurcate the hearings. It heard evidence pertaining to Father exclusively; particularly to Father's non-compliance with his treatment plan. At the close of the day's hearing, the District Court informed the parties that it was not going to decide on termination of Father's rights until after Mother's termination hearing was conducted.

¶8    The first day of Mother's termination hearing was held on May 16, 2016. Near the end of the hearing, Father's counsel, acknowledging that Father's case had "been fully heard by the [c]ourt," requested that she be excused from attending the remainder of Mother's proceeding. The District Court granted the attorney's request and reminded both Father and the Department that their obligations remained in effect because there had been no ruling regarding Father's termination. The District Court also stated that it was not "reopening the evidence" as it pertained to Father. The court posited that in the event Mother's rights were not terminated, it would be financially beneficial to N.P.-S. that Father's rights not be terminated and he remain obligated to financially contribute to her needs.

¶9    The second day of Mother's hearing was held on July 6, 2016. During the hearing, Father's counsel attempted to introduce evidence of Father's treatment plan compliances between his April hearing and Mother's July hearing. The District Court stated that it would not consider Father's post-hearing actions in its decision on termination. Father's counsel did not object to the court's evidentiary ruling.

¶10     The District Court terminated both Mother's and Father's parental rights to N.P.-S. on July 6, 2016. Father's termination was based upon his failure to complete or comply with his treatment plan. The District Court further found that the conduct or condition rendering Father unfit was unlikely to change within a reasonable time. Father appeals.

¶11     We review a district court's termination of parental rights for an abuse of discretion. *In re J.W.*, 2013 MT 201, ¶ 25, 371 Mont. 98, 307 P.3d 274. A district court abuses its discretion when it acts "arbitrarily, without employment of conscientious judgment or in excess of the bounds of reason, resulting in substantial injustice." *In re M.J.*, 2013 MT 60, ¶ 17, 369 Mont. 247, 296 P.3d 1197. We review a district court's factual findings for clear error. *In re A.K.*, 2015 MT 116, ¶ 20, 379 Mont. 41, 347 P.3d 711. We review a district court's application of law for correctness. *In re K.B.*, 2013 MT 133, ¶ 18, 370 Mont. 254, 301 P.3d 836.

¶12     Father argues on appeal that the District Court's refusal to consider his continued efforts on his treatment plan following his April 2016 hearing rendered the termination proceedings fundamentally unfair, in violation of his due process rights, and constituted an abuse of the court's discretion. Father argues that his objection to the District Court's bifurcation of the hearing preserved his fairness/due process argument on appeal. He argues alternatively that we should review the constitutionality of his termination proceeding under the plain error doctrine.

¶13     Neither Father's general objection to bifurcation of the proceedings nor his claim that preservation/reunification attempts continued after his April 25 hearing preserved a due process argument on appeal. Moreover, at Mother's May hearing, the District Court

5

informed Father that the court did not intend to reopen the evidence portion of Father's proceeding. Consequently, Father was on notice that his proceeding was complete. We conclude Father failed to preserve his due process claim.

¶14 However, as Father argues, this Court has the discretionary authority to find plain error even when a party made no objection or requested no relief at trial. *State v. Griffin*, 2016 MT 231, ¶ 6, 385 Mont. 1, 386 P.3d 559. The decision to invoke plain error review is discretionary and invoked sparingly where failing to do so may: (1) result in a manifest miscarriage of justice, (2) leave unsettled the question of the fundamental fairness of the trial, or (3) compromise the integrity of the judicial process. Our precedent requires that the alleged error firmly convince the Court that there was a serious mistake that must be addressed. *In re H.T.,* 2015 MT 41, ¶ 14, 378 Mont. 206, 343 P.3d 159; *In re J.S.W.*, 2013 MT 34, ¶¶ 15-16, 369 Mont. 12, 303 P.3d 741.

¶15 Here, the District Court carefully considered the best interests of N.P.-S and correctly determined that Father had failed to successfully complete or comply with a court-ordered treatment plan and that the condition or conduct of Father rendering him unfit was unlikely to change within a reasonable time.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the District Court's findings of fact are not clearly erroneous. Its interpretation and application of the law are correct and the court's ruling was not an abuse of discretion.

¶17 We affirm.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR