DA 17-0143

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 102N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

EDWARD LEVI KEYES,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 15-0887
Honorable Michael G. Moses, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Kristina L. Neal, Assistant Appellate
          Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
          Assistant Attorney General, Helena, Montana

          Scott D. Twito, Yellowstone County Attorney, Mary Leffers Barry,
          Deputy County Attorney, Billings, Montana

Submitted on Briefs:  February 12, 2020

Decided:  April 28, 2020

Filed:

_____
Clerk

FILED

04/28/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0143

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Edward Levi Keyes ("Keyes") appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, denying his motion for a new trial and his motion to compel testimony. A jury found Keyes guilty of three counts of Incest and one count of Solicitation of Incest. Keyes argues he was deprived of a fair and impartial trial because during trial a foster parent improperly and intentionally influenced a child's testimony. He also argues the District Court abused its discretion in denying his motion to compel testimony of the child's therapist. Finally, Keyes argues the District Court exceeded its statutory authority by imposing a court technology fee per count. We affirm the District Court's denial of Keyes' motions and reverse the District Court's decision regarding the technology fee.

¶3 Prior to trial, the State filed a motion in limine asking the District Court to prohibit the child's therapist, Sally Grunst ("Dr. Grunst"), from testifying at trial. Dr. Grunst began working with the victim after she had disclosed Keyes' sexual abuse and was removed from her parents' care. Keyes had listed Dr. Grunst as a trial witness, which prompted the State's motion. The State argued Dr. Grunst should not be compelled to

testify about matters discussed in that it is privileged material under the mental health professional-client privilege afforded by § 26-1-807, MCA, and that Keyes had been provided a copy of Dr. Grunst's treatment notes during discovery. The District Court denied Keyes' motion to compel Dr. Grunst's testimony citing the therapist-client privilege in § 26-1-807, MCA, noting that there had not been a waiver of the privilege.

¶4 On July 1, 2016, after a five-day trial, the jury found Keyes guilty of three counts of Incest pursuant to § 45-5-507, MCA, and one count of Solicitation of Incest pursuant to § 45-4-101, MCA.

¶5 On August 1, 2016, Keyes filed a motion for new trial. Keyes argued that on the second day of trial, E.R., one of the child victim witnesses who testified, was influenced by a spectator that was in the courtroom. At the beginning of E.R.'s testimony, she was struggling to testify and was visibly emotionally distraught. The Court, sua sponte, suggested a ten-minute recess to allow E.R. to gather herself. After the recess, E.R. returned to the witness stand. The child's foster mother ("F.M.") stood with her arms crossed, leaning against a partial wall separating the gallery from the bar, for all of the child's testimony. Keyes argued that it was inherently prejudicial for a child on the witness stand to be visibly influenced by a supporter in the spectator section, and that he was denied his right to a fair trial and therefore due process.

¶6 On October 27, 2016, the District Court held a hearing on Keyes' motion for new trial. Keyes asserted that F.M. influenced E.R.'s testimony during the trial by standing for the entire time E.R. was testifying and making many movements, head moves, smiles, and grimaces. Keyes' only witness at the evidentiary hearing on his motion for new trial,

3

a paralegal for the defense team, testified to her personal interpretations and observations about E.R. and F.M. The District Court reviewed the video feed of the courtroom camera pointing directly at the gallery, noting it provided the "clearest evidence of what unfolded during E.A.R.'s June 28, 2016, testimony."

¶7 On October 28, 2016, the District Court denied Keyes' motion for new trial. The District Court concluded the video evidence showed that F.M.'s conduct was nowhere near serious enough that it caused a manifest miscarriage of justice, left unsettled fundamental fairness of the trial, or compromised the integrity of the judicial system, citing *State v. Griffin*, 2016 MT 231, ¶ 12, 385 Mont. 1, 386 P.3d 559.

¶8 We review a district court's denial of a motion for new trial made under § 46-16-702, MCA, for an abuse of discretion. *State v. Reinert*, 2018 MT 111, ¶ 12, 391 Mont. 263, 419 P.3d 662. Regarding the admission of evidence at trial, a district court's evidentiary rulings are reviewed by for an abuse of discretion. *Reinert*, ¶ 13. A district court's conclusions of law are reviewed for correctness. *State v. Duffy*, 2000 MT 186, ¶ 18, 300 Mont. 381, 6 P.3d 453.

¶9 The United States and Montana Constitutions protect a defendant's right to a fair trial, and the district court bears the duty to ensure that the defendant receives a fair trial. *Griffin*, ¶ 9. Montana law provides that "[f]ollowing a verdict of guilty, the court may grant the defendant a new trial if required in the interest of justice." Section 46-16-702(1), MCA. A court may deny the motion or grant a new trial after the hearing, if justified by law and the weight of the evidence. Section 46-16-702(3), MCA. Absent a showing of manifest abuse of discretion, a district court's decision will be affirmed. *State*

*v. Gambrel*, 246 Mont. 84, 91, 803 P.2d 1071, 1076 (1990). We will only disturb a district court's denial of a motion for a new trial where the movant shows, by evidence that is clear, convincing, and practically free from doubt, the error of the trial court's ruling. *Mason v. Ditzel*, 255 Mont. 364, 376, 842 P.2d 707, 725 (1992).

¶10   Keyes has failed to show the District Court's failure to grant the motion was a manifest abuse of discretion. We previously held in a similar case involving an alleged witness coaching issue that the district court is in the best position to determine whether coaching of a witness has occurred, and if so, has broad discretion to determine whether such coaching has been prejudicial to either party. *State v. Rendon*, 273 Mont. 303, 306, 903 P. 2d 183, 185 (1995). The District Court reviewed the video evidence of the trial that was pointed directly at the gallery. After its review, it found that it "plainly show[ed] nothing out of the ordinary," and that while "F.M. does indeed stand the entirety of E.R.'s testimony . . . there is nothing overtly demonstrative about her."

¶11   The District Court did not abuse its discretion by denying Keyes' motion to compel testimony of E.R.'s therapist, Dr. Grunst. Keyes argued in his motion to compel testimony that Dr. Grunst's record could contain exculpatory information.[1]

---

[1] Keyes argues, for the first time on appeal, that the District Court erred by denying his motion to compel testimony from Dr. Grunst without first inspecting her record in camera for exculpatory information, and then balancing whether E.R.'s right to confidentiality outweighed Keyes' fundamental right to a fair trial. Keyes now requests this Court to remand this issue to the District Court and require it to conduct an in-camera inspection of Dr. Grunst's proposed testimony and records and, "if exculpatory," make a finding whether Keyes' fundamental right to a fair trial outweighs E.R.'s right to confidentiality. We have consistently held that issues presented for the first time on appeal are "untimely and we will not consider them," since it is "fundamentally unfair to fault the trial court for failing to rule on an issue it was never given the opportunity to consider." *State v. LaFreniere*, 2008 MT 99, ¶ 11, 342 Mont. 309, 180 P.3d 1161.

¶12 Keyes' argument lacks merit. A district court has a "duty to conduct an in-camera review to ascertain whether there [is] any exculpatory evidence in the files," when a "defendant *requests* a crime victim's confidential records." *State v. Stutzman*, 2017 MT 169, ¶ 29, 388 Mont. 133, 398 P.3d 265 (emphasis added). Since Keyes already had access to Dr. Grunst's notes, he had the burden to make an offer of proof showing that Dr. Grunst's notes and her testimony contained exculpatory evidence. *See* M. R. Evid. 103(a)(2); *In re O.A.W.*, 2007 MT 13, ¶ 51, 353 Mont. 304, 153 P.3d 6; *State v. Miller*, 231 Mont. 497, 508, 757 P.2d 1275, 1282 (1988) (holding "[a]n offer of proof should be specific as to the facts to be proven"). Keyes asserted that the exculpatory evidence was that E.R., in fifteen months of therapy with Dr. Grunst, did not make disclosures against Keyes. However, exculpatory information is material that, if disclosed, would have "affected the outcome of the proceeding." *Stutzman*, ¶ 31. This disclosure "neither denies nor confirms sexual abuse" and does not amount to a sufficient offer of proof under M. R. Evid. 103(a)(2). *Stutzman*, ¶ 31. The District Court did not abuse its discretion in denying Keyes' motion to compel testimony of Dr. Grunst.

¶15 Regarding the District Court's assessment of the technology user fee, both parties agree on this point. Accordingly, we instruct the District Court on remand to strike the $10 per count user surcharge in the sentencing order and impose only one $10 user surcharge. Section 3-1-317(1)(a), MCA; *State v. Pope*, 2017 MT 12, ¶¶ 31-32, 386 Mont. 194, 387 P.3d 870.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal

presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶17 Affirmed in part, reversed in part, and remanded to the District Court to revise the written terms of the sentence consistent with this Opinion.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE