FILED

05/19/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0277

DA 18-0277

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 130N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JOSHUA DONALD BURLEY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 16-0173
Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Chad Wright, Appellate Defender, Moses Okeyo, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

           Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General Helena, Montana

           Scott D. Twito, Yellowstone County Attorney, Mary Leffers Barry,
Deputy County Attorney, Billings, Montana

Submitted on Briefs: March 26, 2020

Decided: May 19, 2020

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Joshua Donald Burley ("Burley") appeals from his convictions of incest and solicitation of incest in the Thirteenth Judicial District Court, Yellowstone County. Burley argues the District Court erred in denying his motion in limine to prohibit the State from introducing character evidence in violation of M. R. Evid. Rule 404(b). Alternatively, Burley argues that even if the evidence was admissible under Rule 404(b)'s exceptions, the evidence was inadmissible under Rule 403 because its prejudicial effect substantially outweighed any probative value. Burley also argues the District Court erred when it imposed a 25-year parole restriction in its sentencing judgment. We affirm.

¶3 On December 25, 2016, the State filed an Affidavit and Motion for Leave to File Information charging Burley with two counts of incest and one count of solicitation of incest. The first count alleged that Burley made his stepdaughter, F.L., who was five years old at the time of the incident, touch his penis. The count of solicitation was an alternative to the first count, which alleged that Burley encouraged F.L. to touch his penis. These charges stemmed from an incident with F.L. where Burley woke F.L. up to

give her a birthday cake. F.L. testified that Burley had put frosting from the cake on his penis and encouraged her to take it off his penis. F.L. testified that Burley took her hand and sat it on his "private area." The third count alleged that Burley's other stepdaughter, A.T., who was twelve years old at the time of the incident, woke up to find Burley asleep with his hand inside her pants on her vagina.

¶4 On September 11, 2017, a day before trial, Burley filed a motion in limine requesting the District Court rule that the State could not introduce any evidence of a separate incident between A.T. and Burley, as well as Burley's prior Partner or Family Member Assault convictions. The State responded to Burley's motion in limine, arguing that A.T. should be allowed to testify about an incident where she believed Burley had attempted to record her showering since it showed motive and absence of mistake or accident. The District Court denied Burley's motion in limine to exclude A.T.'s testimony concerning Burley's alleged recording of A.T. showering.

¶5 At trial, A.T. explained that while her mother ("Mother") was traveling for work, Burley instructed A.T. several times to take a shower. A.T. responded that she planned to shower in the morning before school, but Burley insisted. Eventually, A.T. gave in and took a shower. While she was showering, A.T. noticed Burley's old cell phone propped up on a toilet paper roll against a cabinet and aimed at the shower. After she got out of the shower, she looked at the phone and saw that it was recording. A.T. immediately told her older sister, S.D. and later her mother, about the incident. Both corroborated A.T.'s story at trial. S.D. testified that she remembered Burley insisting that A.T. take a shower. When A.T. told S.D. about the alleged recording immediately after getting out of the

3

shower, they went back to the bathroom together to look for the phone, but it was gone. S.D. remembered seeing the toilet paper roll on top of the cabinet, and later that night the two sisters looked at Burley's phone while he was sleeping to see if the recording was on the phone, but there was no evidence of the recording. Mother also pressed Burley and looked at his old phone when she got back from her work trip but did not find evidence of the recording. This incident occurred prior to the incident where A.T. awoke to find Burley asleep with his hand down her pants.

¶6     On September 14, 2017, a jury returned guilty verdicts on Count II, Solicitation of Incest, and Count III, Incest. Burley was acquitted on Count I. He was sentenced to 100 years with 40 years suspended and a parole eligibility restriction of 25 years for Count II, and a concurrent sentence of 40 years with 20 years suspended for Count III. Burley now appeals the District Court's denial of his motion in limine to exclude A.T.'s testimony and the District Court's sentencing order.

¶7     At the sentencing hearing, Michael Sullivan, a licensed clinical social worker and member of the Montana Sex Offender Treatment Association who completed a sexual offender evaluation of Burley, testified that Burley's level of denial was "fairly extreme" and that a denier cannot receive effective treatment while he remains in denial. After hearing testimony and reading Sullivan's report, the District Court concluded it was bound to apply § 45-5-507(5), MCA. The District Court explained that it was not punishing Burley for proceeding to trial, but the law "requires a certain mandatory minimum sentence unless certain conditions are found." The District Court concluded:

4

In this case, I listened to Mr. Sullivan's testimony, and I read his report closely. I wrote down—and there's no question in my mind—that Mr. Sullivan said that in his opinion—he's been doing this for 30-some years—his professional opinion is that denial of offending conduct for a sexual—a person accused of sexual abuse is a roadblock to treatment and that adequate treatment cannot be provided to deniers of sexual abuse. It is this Court's finding that his testimony means that the exceptions to Jessica's Law do not apply, and therefore the Court is bound to apply Jessica's Law.

¶8 Where an evidentiary ruling is based on a district court's interpretation of the Montana Rules of Evidence, our review is de novo. *State v. Daffin*, 2017 MT 76, ¶ 12, 387 Mont. 154, 392 P.3d 150. A district court's findings of fact on which its sentencing decision is based are reviewed for clear error. *State v. Hamilton*, 2018 MT 253, ¶ 14, 393 Mont. 102, 428 P.3d 849.

¶9 Burley argues that the District Court erred in admitting A.T.'s testimony concerning the alleged recording of her showering since it was impermissible character evidence in violation of Rule 404(b). Burley asserts that the State introduced the evidence with the purpose to paint Burley as "creepy and unsavory" and that it was not relevant to the act for which Burley was charged—touching A.T.'s vagina. Accordingly, by allowing testimony regarding the shower recording incident, Burley alleges he was deprived of a fair trial.

¶10 M. R. Evid. 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, Rule 404(b) allows admission of evidence of prior acts for the purpose of proving—among other things—motive, opportunity, intent, preparation, plan, or absence of mistake or accident. *State v. Derbyshire*, 2009 MT 27, ¶ 23, 349 Mont.

5

114, 201 P.3d 811. Burley fails to meet his burden of presenting legal authority that establishes error on the part of the District Court.

¶11 Further, Burley argues testimony about the alleged shower recording had no probative value and was confusing and unduly prejudicial in violation of Rule 403. Alternatively, Burley asserts that even if the alleged recording was probative evidence, the District Court should have given the jury a limiting instruction on the prohibited uses of the evidence.[1]

¶12 The exception under Rule 404(b) for preparation, as well as motive and lack of mistake or accident, clearly applies to the alleged recording of A.T. while she was showering since it is "closely linked to and explanatory of" Burley's sexual interest in A.T. and the charge of touching her vagina. *State v. Berosik*, 2009 MT 260, ¶¶ 45-47, 352 Mont. 16, 214 P.3d 776 (concluding that evidence of a sexual abuse perpetrator's prior acts that are closely linked to and explanatory of the incest charges, are admissible under Rule 404(b)); *see also State v. Given,* 2015 MT 273, ¶ 29, 381 Mont. 115, 359 P.3d 90.

¶13 Evidence offered for a valid purpose under Rule 404(b) is still subject to the balancing test prescribed by Rule 403, which allows the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. *State v.*

---

[1] Burley had the opportunity to request a limiting instruction but failed to do so. M. R. Evid. 105; *White v. Johnson*, 2009 MT 254, ¶ 35, 351 Mont. 534, 215 P.3d 11 (holding a district court is under no duty to give a limiting instruction absent a request). We have consistently held that issues presented for the first time on appeal are "untimely and we will not consider them," since it is "fundamentally unfair to fault the trial court for failing to rule on an issue it was never given the opportunity to consider." *State v. LaFreniere*, 2008 MT 99, ¶ 11, 342 Mont. 309, 180 P.3d 1161.

*Zimmerman*, 2018 MT 94, ¶ 31, 391 Mont. 210, 417 P.3d 289. District courts have broad discretion to weigh the relative probative value of evidence against the risk of unfair prejudice. *State v. Daffin*, 2017 MT 76, ¶ 25, 387 Mont. 154, 392 P.3d 150. Evidence rises to the level of being unfairly prejudicial only "if it arouses the jury's hostility or sympathy for one side without regard to its probative value, if it confuses or misleads the trier of fact, or if it unduly distracts from the main issues." *Daffin*, ¶ 25.

¶14 The District Court did not err in finding that the testimony about the recording was admissible under Rule 403. The recording was highly probative of Burley's sexual interest in A.T. and the State's use of the evidence did not unfairly prejudice him. *See State v. Stewart,* 2012 MT 317, ¶ 70, 367 Mont. 503, 291 P.3d 1187 (concluding evidence indicating a sexual abuse perpetrator's sexual interest or relationship with a victim is "highly probative" and "not unfairly prejudicial").

¶15 Finally, Burley argues that the District Court unlawfully augmented his sentence and punished him for maintaining his innocence. Burley asserts the District Court erred by relying on "his protestation of innocence as its sole reason for imposing" (1) a restriction on parole eligibility for 25 years; (2) a condition that Burley must complete Phase II of treatment before being eligible for parole; (3) incarceration at the Montana State Prison ("MSP"); and (4) refusing to consider whether it was appropriate to place Burley with the Department of Corrections ("DOC") instead of the MSP. We disagree.

¶16 Contrary to Burley's argument, the District Court had many valid reasons for imposing the sentencing conditions. Regarding the 25-year parole eligibility restriction, the District Court properly applied Montana law. Section 45-5-507(5), MCA, provides:

7

(5)(a) If the victim was 12 years of age or younger and the offender was 18 years of age or older at the time of the offense, the offender:

(i) shall be punished by imprisonment in a state prison for a term of 100 years. The court may not suspend execution or defer imposition of the first 25 years of a sentence of imprisonment imposed under this subsection (5)(a)(i) except as provided in 46-18-222(1) through (5), and *during the first 25 years of imprisonment, the offender is not eligible for parole*.

(Emphasis added.)

Exceptions to the mandatory minimum sentence and parole restriction of § 45-5-507(5), MCA, were allowed if:

[T]he judge determines, based on the findings contained in a psychosexual evaluation report prepared by a qualified sexual offender evaluator pursuant to the provisions of 46-23-509, that treatment of the offender while incarcerated, while in a residential treatment facility, or while in a local community affords a better opportunity for rehabilitation of the offender and for the ultimate protection of the victim and society . . . .

Section 46-18-222(6), MCA.[2]

¶17 At the time of the offense, F.L. was five years old, A.T. was 12 years old, and Burley was over 18 years old. Accordingly, the District Court correctly applied the mandatory minimum sentence and properly restricted Burley's parole eligibility for 25 years, as prescribed in § 45-5-507(5), MCA. While Burley had argued for the exception under § 46-18-222(6), MCA, the District Court did not abuse its discretion by sentencing Burley pursuant to Montana statute.

¶18 If the condition in an individual's sentence is legal, we will review it for an abuse of discretion, determining whether it constitutes a reasonable restriction or condition

---

[2] In 2019, the Legislature amended the law to provide that the exception in § 46-18-222(6), MCA, does not apply in these cases.

considered necessary for rehabilitation or for the protection of the victim or society. *State v. Heddings*, 2008 MT 402, ¶ 11, 347 Mont. 169, 198 P.3d 242. A court may consider—among other factors—a defendant's lack of remorse or refusal to take responsibility and admit his crime. *State v. J. C.*, 2004 MT 75, ¶¶ 39-40, 320 Mont. 411, 87 P.3d 501.

¶19 The District Court's decision to sentence Burley to MSP was supported by Sullivan, who testified that it "would be ill advised to allow him to be in a situation where he could have access to a potential victim" since he was currently in an intimate relationship with a partner who had a young child. Sullivan also testified that, if Burley were sentenced to the DOC, he would not be admitted into a prerelease center and therefore would likely be sent to MSP. In addition to listening to Sullivan's testimony and reviewing his psychosexual evaluation report, the District Court heard testimony from the victims and other witnesses. Upon evaluating the evidence, the District Court properly concluded that sentencing Burley to MSP was a reasonable restriction necessary for Burley's rehabilitation and for the ultimate protection of the victims and society. *See Hamilton,* ¶ 42.

¶20 Likewise, the District Court had discretion to condition his parole eligibility on completion of Phase II of the treatment program. Sullivan testified that Burley is an individual who has "significant needs to deal with from a treatment standpoint." The record reflects that the District Court considered competent evidence admitted at trial and at the sentencing. The District Court acted within its discretion.

¶21 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶22 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR