DA 20-0306

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 287N

FILED

11/10/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0306

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

PAMELA JO POLEJEWSKI,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause Nos. ADV-20-274 and
BDV-20-276(a)
Honorable Gregory G. Pinski, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael Klinkhammer, Klinkhammer Law Offices, Kalispell, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Matthew T. Cochenour, Acting Solicitor
General, Helena, Montana

          Joshua A. Racki, Cascade County Attorney, Susan L. Weber, Chief Deputy County
Attorney, Great Falls, Montana

          Jordan Y. Crosby, James R. Zadick, Ugrin Alexander Zadick, P.C., Great Falls, Montana

      For Amicus State Bar of Montana Animal Law Section:

          William E. Rideg, Rideg Law Offices PLLC, Missoula, Montana

      For Amicus Animal Legal Defense Fund:

          Jamie Contreras, Stacey Gordon Sterling, Animal Legal Defense Fund, Cotati, California

Submitted on Briefs:  October 21, 2020

Decided:  November 10, 2020

Filed:

                  _____
                        Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    This is a consolidated appeal in which Pamela Jo Polejewski appeals the order of the Eighth Judicial District Court, Cascade County, requiring Polejewski to post bond each month to cover the costs of her seized animals' care or face forfeiture of the animals pursuant to § 27-1-434, MCA. Polejewski argues on appeal that § 27-1-434, MCA, is unconstitutional under the double jeopardy clause and is unconstitutionally vague. Polejewski did not raise these issues before the District Court. We affirm.

¶3    We confine our review to issues properly preserved for appeal. Mont. Code Ann. §46-20-104(1); *State v. Longfellow*, 2008 MT 343, ¶ 19, 346 Mont. 286, 194 P.3d 694. Failure to make a timely objection constitutes a waiver of the objection for purposes of appeal. *State v. Reim*, 2014 MT 108, ¶ 28, 374 Mont. 487, 323 P.3d 880. This Court refuses to consider issues presented for the first time on appeal. *State v. Lafreniere*, 2008 MT 99, ¶ 11, 342 Mont. 309, 180 P.3d 1161. "It is axiomatic that we will not review an argument, much less a constitutional challenge, that is raised for the first time on appeal." *State v. Normandy*, 2008 MT 437, ¶ 18, 347 Mont. 505, 198 P.3d 834.

¶4    At the District Court level, Polejewski presented no constitutional challenges to § 27-1-434, MCA. In its response brief, the State correctly asserts that Polejewski's failure

2

to raise these issues before the District Court should preclude their consideration on appeal. Polejewski's reply brief fails to even acknowledge, much less address, the State's waiver argument.

¶5 It is fundamentally unfair to fault the trial court for failing to rule on an issue it was never given the opportunity to consider. *State v. Whalen*, 2013 MT 26, 368 Mont. 354, 295 P.3d 1055. We decline to review Polejewski's constitutional challenges raised for the first time on appeal.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ BETH BAKER
/S/ INGRID GUSTAFSON